387 So.2d 561 (1980)
Ethel Mae LACY, Appellant,
v.
STATE of Florida, Appellee.
No. 79-883.
District Court of Appeal of Florida, Fourth District.
August 20, 1980.
Rehearing Denied October 1, 1980.
*562 Jon H. Gutmacher and Thomas Cazel, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Appellant was found guilty by a jury of the crime of manslaughter. She appeals the judgment and sentence on three grounds: insufficiency of the evidence, illegality of the sentence and erroneous jury instructions. The first two grounds are without merit. The third basis urged for reversal raises an issue which requires clarification.
The jury instruction which appellant complains of is a standard jury instruction which reads as follows:
Excusable homicide is homicide which is committed by accident and misfortune in doing any lawful act by lawful means with usual, ordinary caution, and without any unlawful intent, or by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.
Homicide is excusable and lawful if committed by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat without any dangerous weapon being used and not done in a cruel or unusual manner. But if such killing is done by the use of a dangerous weapon or in a cruel or unusual manner, it is manslaughter.

A sudden and sufficient provocation is something which would naturally and instantly produce in the mind of an ordinary person the highest degree of anger, rage, resentment or exasperation.
The heat of passion is anger, rage, resentment, or exasperation so intense as to overcome or suspend the use of ordinary judgment and to render the mind of an ordinary person incapable of calm reflection.
A dangerous weapon is any weapon which taking into account the manner in which it is used is likely to produce death or great bodily harm. (Emphasis added.)
See Florida Standard Jury Instructions in Criminal Cases, Excusable Homicide. Appellant maintains that this instruction is ambiguous and confusing.
The statute upon which appellant's defense rested, Section 782.03, Florida Statutes (1979), provides:
Homicide is excusable when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful *563 intent, or by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.
The instruction is a nearly verbatim quotation of the statute with some additional language. We are loathe to fault the trial court for correctly stating the law in his charge to the jury. Where standard jury instructions are involved, having been approved by the supreme court in In re Standard Jury Instructions in Criminal Cases, 327 So.2d 6 (Fla. 1976), we are understandably reluctant to find grounds for reversal absent a clear showing that the rights of the accused have been meaningfully prejudiced by the instruction under review. It is, of course, appellant's position that her case was so prejudiced by this particular instruction. Her specific contention is that the jury could have interpreted the instruction in the following manner:
A homicide is excusable:
(1) when the homicide is committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful intent and without a dangerous weapon being used;
(2) when the homicide is committed by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, without a dangerous weapon being used;
(3) when the homicide is committed upon a sudden combat, without a dangerous weapon being used and not done in a cruel or unusual manner.
There is nothing either in the record or arising by implication from the verdict which suggests that the jury adopted such an interpretation of the law applicable to this case. We do not speculate with appellant that the verdict was inextricably bound to such an interpretation, particularly since the evidence strongly supports the contrary view. We are required to presume that the jury acted properly as to matters which necessarily inhered in its verdict. Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA 1976).
The victim, appellant's husband, was a police officer. After almost ten years of marriage he began having an affair with Sally, a former girl-friend. Appellant threatened divorce. A property settlement agreement was executed followed by a futile attempt at reconciliation. On the day of the shooting, appellant, by prior arrangement, met with Sally at a restaurant to discuss the situation. Sally testified that appellant stated she would kill her husband rather than give him up. The exact quotation was: "Well, you won't have him. I am going to kill him if I have to kill him today when he goes to work." Appellant's version of the conversation was that she stated that she was going to fight to keep her husband. After this conversation and upon seeing her husband drive into the parking lot of the restaurant, appellant ran out, drawing a .38 caliber revolver from her purse. She aimed it at his head and ordered him into the car. She fired the gun once into the air then got into the car beside him. He drove the car out of the parking lot.
Appellant testified that, once out of the parking lot, she put the uncocked gun in her lap with two fingers resting on the trigger. She suddenly lost her balance, her arm struck the dashboard and the gun accidently fired killing her husband.
There was testimony to the effect that after the incident, appellant, in reply to a question as to why she shot her husband, stated that it was because he was having an affair with another woman. There was also testimony that she said she had shot her husband but didn't mean to do it, that the car hit a bump causing the gun to be fired accidentally.
Appellant's argument is that since a dangerous weapon was admittedly involved, the jury was prevented from considering her defense of accident in a proper light because the instruction was ambiguous. Necessarily, then, if the offending language "if such killing is done by the use of a dangerous weapon ... it is manslaughter" were totally removed from the *564 charge to the jury, a different verdict could have resulted. This can be tested analytically.
The first phrase of the excusable homicide instruction reads:
(1) Excusable homicide is homicide which is committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful intent... .
While it might be possible for a jury to believe that appellant did not intentionally pull the trigger while aiming the revolver at the victim's head, there is simply no interpretation that could be placed upon the circumstances involved here that would support a finding that appellant was doing a lawful act by lawful means, let alone acting with usual, ordinary caution. By her own admission she committed assault and was in the process of a kidnapping. Her actions could only be described as both reckless and lawless. Thus, whether the jury believed that the homicide could only be considered excusable if no dangerous weapon were involved is totally immaterial. They could not have acquitted appellant under this paragraph of the instruction in either event.
The next portion of the instruction is as follows:
Excusable homicide is homicide which is committed . .. by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation... .
The events leading up to the shooting here extended over several months. There was no sudden provocation nor heat of passion to bring this part of the instruction into play. Again, whether the jury believed that the use of a dangerous weapon would negate the applicability of the defense of accident under this part is totally immaterial. It simply did not apply.
And finally, the third paragraph of the instruction, dealing with a sudden combat, is limited by the unequivocal language of the statute to those situations where no dangerous weapon was involved. Even if it were not, there is no evidence of a sudden combat and appellant's testimony supports a conclusion that there was none.
We therefore conclude that the instruction, whether or not ambiguous in the manner appellant suggests, could not have prejudiced her rights in view of the facts in this case.
While not essential to our holding in this case we observe that appellant failed to preserve this point for appeal. At the charge conference there was some discussion as to the clarity and meaning of the charge for excusable homicide but there was no clear objection made. Rule 1.470(b) of the Florida Rules of Civil Procedure, referring to instructions to the jury and particularly to the charge conference provides in pertinent part:
At such conference all objections shall be made and ruled upon and the court shall inform counsel of such general charges as it will give. No party may assign as error the giving of any charge unless he objects thereto at such time or the failure to give any charge unless he requested the same.
We affirm the judgment and sentence in all respects.
AFFIRMED.
DOWNEY and ANSTEAD, JJ., concur.