413 So.2d 411 (1982)
STATE of Florida, Petitioner,
v.
Patricia Marie RYAN, Respondent.
No. 81-2325.
District Court of Appeal of Florida, Fourth District.
April 7, 1982.
Rehearing Denied May 19, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for petitioner.
Bennie Lazzara, Jr., Tampa, for respondent.
PER CURIAM.
We deny the state's petition for writ of certiorari and adopt the following well-reasoned opinion of the trial court:
Defendant is charged by an information which alleges that she did "knowingly sell, deliver, or bring into this State, or was knowingly in actual or constructive possession of 400 grams or more of cocaine."
Section 893.135(1)(b), Florida Statutes, provides that "any person who knowingly sells, ..., delivers, or brings into this State, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine" is guilty of trafficking in cocaine.
The Motion in Limine seeks a ruling that the State need not prove Defendant's intention to or knowledge that she was trafficking in cocaine and that lack of such intention or knowledge may not be a defense. The problem arises from the fact that the evidence will tend to show that her intentions were to traffic in marijuana and her belief was that the contraband would be marijuana instead of cocaine.
If this were a case of simple delivery or possession of a controlled substance under § 893.13, State v. Medlin, 273 So.2d 394 (Fla. 1973) would apply and the State would not be required to prove intent or knowledge although absence of either would appear to be a defense for the jury to consider. This ruling comes from the absence in the statute of the requirement of a specific intent or guilty knowledge. The trafficking statute, however, uses the word "knowingly" twice and the information here uses it twice in tracking the statute. Obviously, intent and knowledge are elements that the State must prove and the absence of which can be a defense.
The State, however, contends that the only intent and knowledge required are to traffic in controlled substances and that the specific contraband is immaterial except to set the punishment. *412 Again, if § 893.13 were involved, that argument could better be made because the offense is described in each subsection as being in the actual or constructive possession, etc. of "a controlled substance." Section 893.135, however, has five subsections each of which names a specific drug which must be possessed, etc., to constitute the offense.
Had the Legislature intended for there to be just one crime with varying penalties according to the drug involved, it could easily have followed the format of § 893.13. Instead the Legislature chose to create five different offenses, giving each a separate name, e.g. "trafficking in cannabis" or "trafficking in cocaine," and in addition required that the offense be done "knowingly."
Because the penalties for trafficking are much more severe than for simple possession or delivery, it is reasonable to assume that the lawmakers wanted to limit the crime to those persons who consciously violate the law. To say that an intent and knowledge to commit trafficking in marijuana will suffice to prove trafficking in cocaine also flies in the face of the fact that a person may believe that marijuana is harmless and no moral wrong is committed in dealing with it although the same person may not be willing to deal in cocaine or morphine or opium or phencyclidine or methaqualone because of a moral belief that these drugs are harmful.
Under § 893.13, which, as has been discussed, does not have a knowledge requirement, the Third District has ruled that a charge of sale of heroin could not be proved by the evidence of a sale of morphine. Jimenez v. State, 231 So.2d 26 (Fla. 3d DCA 1970). Under § 893.135(1)(b) which does have a knowledge requirement, it would follow that proof of trafficking in cocaine would not support a charge of trafficking in marijuana or vice versa. If the drug must be the one charged it would seem reasonable that the intent must be the one charged as well.
PETITION DENIED.
DOWNEY, ANSTEAD and HURLEY, JJ., concur.