JOANOS, Judge.
In this appeal of a judgment and sentence for trafficking in excess of 2000 pounds of cannabis, Brayton challenges the sufficiency of the evidence to establish the element of knowledge of the nature of the substance he was transporting, the denial of his motion to suppress evidence, and a jury instruction derived from Section 893.135(3), Florida Statutes. Finding no reversible error with regard to any of the issues raised, we affirm the judgment and sentence.
On June 23, 1981, appellant, who was driving a rented U-Haul truck, stopped at an agricultural inspection station where Inspector Sexton was on duty. Inspector Sexton asked to examine the cargo area of the truck, but Brayton said he did not have a key to the rear doors. According to Inspector Sexton Brayton explained that he was hauling furniture to California for a Mr. Jackson whom he had met in Miami. Brayton offered to call the employer for permission to break open the cargo area doors and proceeded to make a telephone call, but told Inspector Sexton he had been unable to reach the employer. Brayton said he would sleep in the truck until morning and try again to reach the employer, since Inspector Sexton advised him that he could not leave until the cargo area was inspected.
*89 At this point, Inspector Sexton telephoned his supervisor, who in turn contacted the state attorney, and the state attorney telephoned Sexton to discuss the situation, saying he would obtain an agricultural search warrant and come to the scene. "When the state attorney arrived, Deputy Maxwell was with him. Shortly thereafter, Inspector Sexton’s supervisor arrived. No search warrant was produced. Maxwell walked to the rear of the truck and announced that he smelled cannabis in that area. He walked around to the front of the truck, awakened Brayton, and informed him that he was going to open the cargo area and did so using a pair of bolt cutters. Once the cargo area was open, numerous bundles wrapped in opaque plastic were visible. Deputy Maxwell used a knife to open one bundle, which contained material he believed to be cannabis. Brayton was arrested at this point. The entire event from the time Brayton stopped to his arrest covered one-and-a-half to two hours.
Focusing on the issue of proof of knowledge of the nature of the substance, appellant argues that in order to establish guilty knowledge, the State relied on evidence that appellant did not know the exact address to which he was going in California; a Fresno, California air terminal parking ticket which appellant told Maxwell he needed to obtain his automobile; the U-Haul contract which appeared to be in his name; and appellant’s claim that he had no key to the padlocked cargo area. Appellant argues that this circumstantial evidence is not inconsistent • with any reasonable hypothesis of innocence. To appellee’s argument that the truck was in Brayton’s exclusive possession, thus knowledge could be inferred, appellant replies that sole possession is not the equivalent of exclusive possession and the possibility that others have had access must be considered.
The evidence of guilty knowledge was sufficient under the criteria set forth in Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967):
If the premises on which the drugs are found are in the exclusive possession and control of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over them may be inferred. Although no further proof of knowledge by the State is required in cases of exclusive possession by the accused, the inference of knowledge is rebuttable and not conclusive.
Sindrich v. State, 322 So.2d 589 (Fla. 1st DCA 1975), on which appellant places particular emphasis, is distinguishable on the issue of exclusive control or access. In that case “[t]he uncontradicted evidence before the jury was that the truck was loaded out of [defendants’] presence, that they did not have a key to the locked cargo area, and that they did not know of the contents.”
We also conclude that the trial court correctly denied the motion to suppress evidence. Inspector Sexton’s course of action and the length of the detention were not unreasonable. See Gluesenkamp v. State, 391 So.2d 192 (Fla.1980). In addition, Deputy Maxwell’s presence did not taint the proceedings. See Raettig v. State, 406 So.2d 1273 (Fla. 1st DCA 1981). Appellant concedes that Deputy Maxwell had probable cause to search upon detecting the odor of marijuana, and we conclude that the war-rantless search of the cargo area under the circumstances described above was not unreasonable. See Michigan v. Thomas, - U.S. -, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982), and see generally State v. Farrugia, 419 So.2d 1118 (Fla. 1st DCA 1982). Once Deputy Maxwell had opened the cargo area, the search of the bundles observed inside was not illegal. See United States v. Ross, - U.S. -, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
At the request of the State and over defense objection, the trial judge gave an instruction derived from Section 893.135, Florida Statutes. This instruction was given as part of the instructions on potential maximum and minimum penalties and basically tracked the language of Section 893.-135(3), which provides:
The state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and who *90 provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, co-conspirators, or principals. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance.
Appellant argues that this instruction violated his guarantee against self-incrimination by necessarily suggesting to the jury that by exercising his right not to speak in the face of accusation, he was covering up his complicity in the alleged crime. In light of Tascano v. State, 393 So.2d 540 (Fla.1980), holding that under Fla.R.Crim.P. 3.390(a), “upon request of either the state or the defendant, it is mandatory that an instruction be given on the maximum and minimum sentences which may be imposed,” we cannot say that the trial court erred in giving this instruction.
The judgment and sentence is AFFIRMED.
LARRY G. SMITH and SHAW, JJ., concur.