MILLS, Judge.
Grimmage appeals his convictions for possession of a controlled substance and for delivery of a controlled substance to a minor in violation of Section 893.13, Florida Statutes (1981), contending that he was entitled to a judgment of acquittal and that the jury was erroneously instructed by the trial court. We disagree with each of his contentions and affirm.
We need not delve into a lengthy recitation of the facts. Suffice it to say that we find that the evidence presented was sufficient to create a jury question as to whether the bag of marijuana thrown into the automobile by Grimmage was the same bag recovered by police officers and later introduced at trial.
We further hold that the trial court did not err in giving the standard jury instruction for Section 893.13(l)(c) even though that instruction does not contain language on intent to deliver. “[Wjhere a Statute denounces the doing of an act as criminal without specifically requiring criminal intent, it is not necessary for the State to prove that the commission of such act was accompanied by criminal intent.” State v. Medlin, 273 So.2d 394, 396 (Fla.1973); State v. Ryan, 413 So.2d 411 (Fla. 4th DCA 1982).
AFFIRMED.
ERVIN and LARRY G. SMITH, JJ., concur.