ANSTEAD, Chief Judge.
This is an appeal from six convictions for mortgage fraud under section 494.093, Florida Statutes (1979). Zaremba claims that the state introduced no evidence of *1027 fraud, that the state introduced no evidence that Zaremba bought or sold mortgage loans, as charged in the information, that the state erroneously introduced collateral crime evidence, and that the state’s closing argument misstated the evidence. We affirm.
Zaremba, a loan officer for City Consumer Services, Inc., obtained loans from City for the alleged victims through second mortgages on their homes. The loans were to be used to pay off various bills of the victims. Zaremba admitted forging some of the victims’ names on loan applications. Zaremba subsequently received checks made out to the victims from City, forged the victims’ names, and deposited the proceeds in an escrow account la-belled Mortgage Federal, a business wholly owned and operated by him. This practice was without the knowledge of his employer, City, and contrary to his employment agreement with them. As far as City knew, the victims were receiving the entire proceeds of the loans. Zaremba did not disclose to the victims his status as both an employee of City and owner of Mortgage Federal, or the fact that the victims could secure the same loans from City, without having to pay a broker's fee. Zaremba made out his own checks to the victims’ creditors and to the victims. Each of the victims testified that their outstanding bills were paid and that the monthly payments on the second mortgage were as they agreed. On the basis of this conduct Za-remba was charged with multiple counts of mortgage fraud. Zaremba was convicted of six counts but acquitted of thirteen other counts.
Zaremba was charged and convicted of violating sections 494.093 and 494.10(2), Florida Statutes (1979), which provide:
494.093 Prohibited practices. — It is unlawful, and a violation of the provisions of this chapter, for any person:
(1) In any practice or transaction or course of business relating to the sale, purchase, negotiation, promotion, advertisement, or hypothecation of mortgage transactions, including any transaction consummated by parties under the provisions of s.494.03, directly or indirectly:
(a) To knowingly or willingly employ any device, scheme, or artifice to defraud.
(b) To engage in any transaction, practice, or course of business which operates as a fraud upon any person in connection with the purchase or sale of any mortgage loan.
(2) In any matter within the jurisdiction of the department, to knowingly and willfully falsify, conceal, or cover up, by any trick, scheme, or device, a material fact, or make any false or fraudulent statement or representation, or make or use any false writing or document, knowing the same to contain any false or fraudulent statement or entry.
494.10 Penalites.—
(1) Whoever violates any of the provisions of this chapter, except as provided in subsection (2), is guilty of a misdemeanor of the second degree, punishable as provided in s.775.082 or s.775.083, and each violation of this chapter shall constitute a separate offense.
(2) Whoever violates any provision of s.494.093, fails to comply with the requirements of s.494.05(l)(f), or offers to negotiate a mortgage loan for compensation without being licensed as required by this chapter is guilty of a felony of the third degree, punishable as provided in s.775.082, s.775.083, or s.775.084.
Zaremba claims that since the customers all received exactly what he represented to them they would receive, he was guilty of no fraud. However, Section 494.093 specifically prohibits the fraudulent concealment of material facts as well as the making of false representations. There is evidence that Zaremba failed to disclose to the victims the complete nature of his relationship with City and Mortgage Federal, the manner in which he was securing the moneys in question, and their entitlement to secure *1028 the funds from City without the payment of a broker’s fee. In addition, of course, the proof reflected that appellant forged both the loan applications and the loan checks. His ultimate purpose was to appropriate a “fee” in loan transactions where ordinarily no fee would be due. Based upon a consideration of the entire scheme, we believe the proof was sufficient to support a violation of the statute.
Zaremba next claims that, if the state has in fact introduced evidence of fraud, such conduct is not covered by the specific allegations of the information. The information stated:
AND MICHAEL J. SATZ, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Bro-ward, by and through his undersigned Assistant State Attorney, charges that CHESTER A. ZAREMBA on the 29th day of February, A.D. 1980, in the County and State aforesaid, did then and there directly or indirectly engage in a practice, transaction, or course relating to the purchase or sale of a mortgage loan which operated as a fruad [sic] upon any person, to-wit: did fail to remit City Consumer Services, Inc., check numbered 00018343, payable to Robert Daniels and Catherine Ledbetter, to the borrowers, causing same to be deposited to the account of Mortgage Federal, Inc., contrary to F.S. 494.093, and F.S. 494.10(2)

Zaremba claims that there is a fatal variance between the charge and the proof since he was charged with fraud in connection with “the purchase or sale of a mortgage loan,” whereas the proof was that the transactions involved herein were direct procurements of mortgage loans rather than the purchase or sale of existing mortgages. State v. Ryan, 413 So.2d 411 (Fla.4th DCA 1982), holds that if the state charges a defendant with a violation of a specific subsection of a statute, the state cannot prove violation of another subsection.
As noted above, the proof of Zaremba’s allegedly fraudulent actions included acts of concealment as well as his forgery of endorsements on the loan applications and checks. His actions culminated in his forging the victims’ names on City’s checks and appropriating the proceeds, subject to the subsequent disbursement to pay the victims’ bills and to pay himself a fee which, under the proof, the victims should not have had to pay. This misappropriation was the gist of the harm done to the victims, both as alleged, and as subsequently proven at trial. The charging document involved herein specifically cited Zaremba’s diversion of City’s checks and the appropriation of the funds to Zaremba’s Mortgage Federal account in order to secure the payment of his broker’s fees. Hence, Zaremba was put on notice that it was the loan transactions that resulted in the issuance of those checks from City that formed the predicate for the charges against him. These transactions could hardly have been identified more specifically than by giving the names of the parties involved and the number of the check appropriated. In view of these allegations, and the fact that the charging document did not limit itself by designating a single, specific subsection of the statute, we do not believe there was a fatal variance between the proof and the charge as contemplated by Ryan.
Lastly, we find no harmful error sufficient to merit reversal in the other two issues raised. We believe the evidence as to the manner in which Zaremba’s employer discovered Zaremba’s alleged misconduct was relevant to give the trier of fact a complete picture of the overall scheme, and such evidence did not rise to the level required to compel the state to give formal notice that such testimony would be presented. Even if there was a procedural violation, we believe the trial court’s consideration and resolution of the issue proper. Similarly, we do not believe reversible error has been demonstrated in the comments of the prosecutor, an objection to which was sustained, and the jury instructed accordingly.
*1029 In accord with the above, the convictions are affirmed.
LETTS and GLICKSTEIN, JJ., concur.