455 So.2d 633 (1984)
David Shane WIESENBERG, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1005.
District Court of Appeal of Florida, Fifth District.
September 13, 1984.
Sara R. MacKenzie of Michael Sigman, P.A., Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
David Wiesenberg appeals from his conviction for trafficking in cocaine in violation of section 893.135(1)(b), Florida Statutes (Supp. 1982). The statute, in pertinent part, provides:
Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine ... is guilty of ... trafficking in cocaine.
§ 893.135(1)(b)1, Fla. Stat.
The trial judge instructed the jury that under the statute, the state must prove:
(1) The defendant knowingly sold, delivered or possessed a certain substance.
(2) The substance was cocaine or a mixture containing cocaine.
(3) The quantity of the cocaine involved was 28 grams or more.
See Florida Standard Jury Instructions in Criminal Cases.
Wiesenberg argues on appeal that the state was obligated to prove that he had specific knowledge that he was selling an amount which would satisfy the trafficking statute. Wiesenberg relies on State v. Ryan, 413 So.2d 411 (Fla. 4th DCA 1982) in support of his contention that he must have known he was trafficking in cocaine in an amount exceeding twenty-eight grams before he could be convicted. Ryan, however, only stands for the proposition that before a defendant can be convicted pursuant to the trafficking statute, he must be cognizant of the fact he is selling a particular substance. In Ryan, the defendant thought she was trafficking in marijuana, not in cocaine as she was later convicted of.
We do not find any substance to Wiesenberg's position. It is sufficient if Wiesenberg knew he was selling cocaine. If it exceeded twenty-eight grams, he may be convicted of trafficking even if the state does not prove he knew the quantity exceeded twenty-eight grams. In this regard, we analogize the situation to that involving grand theft wherein the state need only show that the defendant had the requisite intent to obtain the property, not that he knew it was valued at $100 or more.
AFFIRMED.
SHARP and COWART, JJ., concur.