458 So.2d 881 (1984)
Douglas Drane WAY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-881.
District Court of Appeal of Florida, Fifth District.
November 15, 1984.
Robert J. Buonauro, Robert J. Buonauro, P.A., Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Way appeals from a judgment adjudicating him guilty of trafficking in cocaine and sentencing him to three years imprisonment and a $50,000.00 fine pursuant to section 893.135(1)(b)1, Florida Statutes (1981). He argues that the trial court erred in failing to give his requested jury instruction that the state must prove he knew the amount of cocaine he possessed was twenty-eight grams or more. We affirm.
Section 893.135(1)(b)1 provides:
Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine... is guilty of... trafficking in cocaine.
Way argues that one of the two "knowinglys" modifies both the elements of "possession" and the amount "28 grams." The trial court instructed the jury that the state *882 had to prove that Way knew the substance he possessed was cocaine, but it refused to instruct the jury that the state need also prove Way knew the mixture weighed 28 grams or more.[1]
This instruction varied from the Florida Standard Jury Instruction[2] by adding the additional requirement that the state must prove that a defendant knew the nature of the substance possessed, pursuant to the holding in State v. Ryan, 413 So.2d 411 (Fla. 4th DCA 1982). In Wiesenberg v. State, 455 So.2d 633 (Fla. 5th DCA 1984), we approved this instruction, and rejected Way's argument that proof of knowledge of weight is also essential.
In our view, Way's interpretation of section 893.135(1)(b) would require reading three "knowinglys" into the statute where at best there are only two. Further, it would make proof of violation of this statute exceedingly difficult as a practical matter. Many people in this state do not know the metric system, or that one ounce of cocaine equals twenty-eight plus grams. Proof of knowledge of such facts and others such as accuracy of a defendant's scales, would make enforcement of this law a rarity. We do not think this was the intention of the Florida Legislature.
However, in view of the lack of precedent other than our own and the public importance of obtaining a definitive interpretation of this criminal statute, Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we certify to the Florida Supreme Court the following:
IS PROOF THAT A DEFENDANT KNOWS THAT THE WEIGHT OF THE SUBSTANCE POSSESSED EQUALS 28 GRAMS OR MORE ESSENTIAL IN OBTAINING A CONVICTION UNDER SECTION 893.135(1)(b)?
AFFIRMED.
COWART, J., concurs.
FRANK D. UPCHURCH, Jr., J., concurs specially with opinion.
FRANK D. UPCHURCH, Jr., Judge, concurring specially.
While I concur with the majority opinion, I see no reason to certify the question as a matter of great public importance. It is important only to those in the illicit drug trade who think they have found a technical defect in the statute. The interest of the public is best served by waiting until another district court of appeal is persuaded by the "logic" of the defense argument. A conflict will then exist and review can be by the Florida Supreme Court in the exercise of its discretionary jurisdiction.
NOTES
[1] The trial court gave the following instructions:

Before you can find the Defendant guilty of trafficking in cocaine, the State must prove the following three elements beyond a reasonable doubt: Element number one, that Defendant knowingly sold, delivered or possessed a certain substance. Element number two, the defendant knew the substance was cocaine or a mixture containing cocaine. And element number three, the quantity of the cocaine involved was twenty-eight grams or more.
[2] The Florida Standard Jury Instructions in Criminal Cases, p. 230 read:

Before you can find the defendant guilty of Trafficking in Cocaine, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) knowingly
[sold]
[manufactured]
[delivered]
[brought into Florida]
[possessed]
a certain substance.
2. The substance was [cocaine] [a mixture containing cocaine].
3. The quantity of the cocaine involved was 28 grams or more.