475 So.2d 239 (1985)
Douglas Drane WAY, Petitioner,
v.
STATE of Florida, Respondent.
No. 66271.
Supreme Court of Florida.
August 30, 1985.
*240 Robert J. Buonauro, Orlando, for petitioner.
Jim Smith, Atty. Gen., and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for respondent.
OVERTON, Justice.
This is a petition to review a decision of the Fifth District Court of Appeal reported as Way v. State, 458 So.2d 881 (Fla. 5th DCA 1984), which upheld petitioner's conviction of trafficking in cocaine.
Petitioner was charged under section 893.135(1)(b)1, Florida Statutes (1981), which provides in part:
Any person who knowingly sells, manufacturers, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine ... is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine."
At trial, petitioner requested a jury instruction that the state must prove that he knew that the cocaine he possessed weighed 28 grams or more. The trial court rejected the requested instruction and, instead, gave the following instruction:
Before you can find the Defendant guilty of trafficking in cocaine, the State must prove the following three elements beyond a reasonable doubt: Element number one, the Defendant knowingly sold, delivered or possessed a certain substance.
Element number two, the Defendant knew the substance was cocaine or a mixture containing cocaine. And element number three, the quantity of the cocaine involved was twenty-eight grams or more.
The jury returned a verdict of guilty of trafficking in cocaine and the court sentenced petitioner to three years' imprisonment.
The district court of appeal, in affirming petitioner's conviction, rejected his argument that the trafficking statute requires proof that he had actual knowledge of the weight of cocaine possessed. Further, the court expressly approved the jury instruction given by the trial court, and certified to this Court the following question as being of great public importance:
Is proof that a defendant knows that the weight of the substance possessed equals 28 grams or more essential in obtaining a conviction under section 893.135(1)(b)?
458 So.2d at 882. We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and we answer the question in the negative.
We reject petitioner's assertion that the Fourth District Court of Appeal decision in State v. Ryan, 413 So.2d 411 (Fla. 4th DCA), review denied, 421 So.2d 518 (Fla. 1982), mandates that the state prove knowledge of the quantity of cocaine possessed. In Ryan, which involved a cocaine-trafficking prosecution under this same statute, the court held that the state must prove the defendant knew the substance she possessed was cocaine. The court noted that a showing that the defendant believed she possessed marijuana would be a defense to the crime of trafficking in cocaine. Ryan did not, however, address the issue of whether knowledge of the amount of controlled substance possessed is necessary for conviction under section 893.135(1)(b).
We agree that knowledge of the nature of the substance possessed is an *241 essential element to the crime of trafficking in cocaine under section 893.135(1)(b)1. The statute requires "knowing" possession of cocaine and, therefore, lack of knowledge that the substance is cocaine would be a defense. We disagree, however, that a defendant must have knowledge of the weight of the cocaine possessed. Our reading of the statute reveals no such knowledge requirement. The word "knowingly," as used in the statute, modifies only the possession element of the offense and not the quantity.
We conclude that the jury instruction given by the trial court in the instant cause properly set forth the elements of the offense of trafficking in cocaine under section 893.135(1)(b)1, in accordance with the intent and purpose of that statute. We fully approve the decision of the district court of appeal.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.