492 So.2d 1187 (1986)
Antonio DOMINGUEZ, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 85-1366.
District Court of Appeal of Florida, Fifth District.
August 21, 1986.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
UPCHURCH, Chief Judge.
Antonio Dominguez, Jr., appeals a judgment and sentence for trafficking in cocaine. Dominguez argues that the trial court failed to adequately instruct the jury on an essential element of the crime. We agree and reverse.
Dominguez was charged with trafficking in cocaine, a violation of section 893.135(1)(b), Florida Statutes (1985). This section provides as follows:
Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine as described in s.893.03(2)(a)4, or of any mixture containing cocaine is guilty of a felony of the first degree, which felony shall be known as `trafficking in cocaine.'
*1188 During the charge conference, defense counsel requested that the trial court give the following special jury instruction:
The State must prove beyond and to the exclusion of every reasonable doubt that at the time of the transaction that the defendant knew the substance was cocaine.
(R 277).
This request was denied and instead the trial court instructed the jury as follows:
Now, Antonio Dominguez, the defendant in this case, has been accused of the crime of trafficking in cocaine. Before you can find the defendant guilty of trafficking in cocaine, the State must prove the following three elements beyond a reasonable doubt.
Element number one, Antonio Dominguez knowingly sold, delivered or possessed a certain substance.
Element number two, the substance was cocaine or a mixture containing cocaine. And Element number three, the quantity of cocaine involved was 28 grams or more.
In Way v. State, 475 So.2d 239 (Fla. 1985), the Florida Supreme Court held that the knowledge of the nature of the substance possessed is an essential element of the crime of trafficking in cocaine under section 893.135(1)(b). The supreme court pointed out that the statute requires "knowing" possession of cocaine and, therefore, lack of knowledge that the substance is cocaine is a defense. See also Wiesenberg v. State, 455 So.2d 633 (Fla. 5th DCA 1984); State v. Ryan, 413 So.2d 411 (Fla. 4th DCA), rev. den., 421 So.2d 518 (Fla. 1982). In Way, the supreme court approved the following instructions:
Before you can find the Defendant guilty of trafficking in cocaine, the State must prove the following three elements beyond a reasonable doubt: Element number one, the Defendant knowingly sold, delivered or possessed a certain substance.

Element number two, the Defendant knew the substance was cocaine or a mixture containing cocaine. And element number three, the quantity of the cocaine involved was twenty-eight grams or more. (emphasis added)
475 So.2d at 240.
The instructions in the present case followed the Florida Standard Jury Instructions in Criminal Cases at page 230. The standard jury instructions and hence the instructions given in this case, however, failed to completely and adequately inform the jury of the state's burden of proof. As the Florida Supreme Court has noted, the initial determination of the applicable substantive law in every case should be made by the trial judge and no approval of the standard jury instructions by the supreme court can relieve the trial judge of his responsibility to properly and correctly charge the jury in each case. State v. Byran, 287 So.2d 73 (Fla. 1974). Since knowledge of the substance possessed is an essential element of trafficking in cocaine, the trial court should have instructed the jury on this element. The court did not do so and thus Dominguez must be given a new trial.
The state, however, argues that Dominguez has failed to establish "meaningful prejudice" from the failure to give his requested instruction. See Lacy v. State, 387 So.2d 561 (Fla. 4th DCA 1980) (where standard jury instructions are involved, appellate court is reluctant to find grounds for reversal absent a clear showing that rights of the accused have been meaningfully prejudiced by the instruction). Here the only real issue was Dominguez' knowledge of the substance possessed. The absence of the instruction on the state's burden of proof on this issue was therefore clearly prejudicial.
The cases cited by the state, Pratt v. State, 429 So.2d 366 (Fla. 1st DCA 1983) and Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), are distinguishable. In Pratt, the court held that the failure of the judge to instruct the jury that knowledge of possession was an essential element of the crime of introducing contraband into a correctional institution was not fundamental *1189 error where that issue was undisputed and it was unlikely that a more complete instruction would have resulted in a different verdict. In Williams, the court held that failure to instruct on the intent element of robbery was not fundamental error where intent was not an issue at trial. In the present case, Dominguez objected to the failure of the court to give his requested jury instruction and thus the doctrine of fundamental error is not involved. And, unlike those cases, the omitted jury instruction related to an issue clearly in dispute and thus the omission was prejudicial.
In sum, we reverse the judgment and sentence and remand for a new trial because the court below failed to adequately instruct the jury. However, because the standard jury instructions do not contain an instruction on knowledge of the nature of the substance possessed, we deem this to be a matter of great public importance and certify to the supreme court the following question:
DOES THE CURRENT STANDARD JURY INSTRUCTION ON TRAFFICKING IN COCAINE SUFFICIENTLY INSTRUCT THE JURY THAT TO CONVICT A DEFENDANT UNDER THE STATUTE ONE OF THE ELEMENTS THAT THE STATE MUST PROVE IS THAT THE DEFENDANT KNEW THAT THE SUBSTANCE IN WHICH HE TRAFFICKED WAS COCAINE?
REVERSED and REMANDED for new trial.
SHARP, J., concurs.
ORFINGER, J., dissents with opinion.
ORFINGER, Judge, dissenting.
I respectfully dissent. In Way v. State, 475 So.2d 239 (Fla. 1985) the supreme court did not disapprove the standard jury instruction used here. What was at issue in Way was whether or not the State was required to prove that the defendant had actual knowledge of the weight of the cocaine he possessed. In answering that question in the negative, the court held that the trafficking statute, section 893.135(1)(b)1, required that the defendant have knowledge of the nature of the substance possessed, but in so holding, the court did not say that the standard jury instruction was deficient in that regard. In Wiesenberg v. State, 455 So.2d 633 (Fla. 5th DCA 1984) we apparently approved the standard jury instruction under this same statute, while at the same time holding that the State was not required to prove defendant's knowledge of the weight of the cocaine he possessed. While I have no quarrel with the majority holding that a defendant must have knowledge that the substance he possesses is cocaine, I believe the standard jury instruction, although subject to improvement as to such knowledge, covers the requirement. My conclusion is strengthened by the fact that amendments to these standard jury instructions, The Florida Bar re: Standard Jury Instructions Criminal Cases, 477 So.2d 985 (Fla. 1985), were adopted after the Way decision, and suggested a change only in the language of element three of the instruction, but not otherwise. I would affirm.