GLICKSTEIN, Judge,
concurring specially.
Appellant was charged by information with armed robbery, attempted armed robbery, and aggravated battery, tried by jury and found guilty of robbery with a weapon other than a deadly weapon, in violation of section 812.13(2)(b), Florida Statutes. The trial court entered judgment on the conviction and sentenced appellant to twenty-two years in prison.
In the instant case, appellant concedes that his trial counsel did not object to the instruction given on reasonable doubt. However, appellant claims that the trial court’s instruction on reasonable doubt amounts to fundamental error, and is therefore reviewable. He objects to the sentence in the Florida Standard Jury Instructions in Criminal Cases 2.03 (1981) which is in bold type below:
A reasonable doubt is not a possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilty. On the other hand, if, after carefully considering, comparing and weighing all the evidence, there is not an abiding conviction of guilt, or, if, having a conviction, it is one which is not stable but one which wavers and vacillates, then the charge is not proved beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.
It is to the evidence introduced upon this trial, and to it alone, that you are to look for that proof.
*946 A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflict in the evidence or the lack of evidence.
If you have a reasonable doubt, you should find the defendant not guilty. If you have no reasonable doubt, you should find the defendant guilty,
(emphasis added).
Appellant argues that the use of the word “should” as opposed to “must” allowed the jurors in this case to find defendant guilty even though reasonable doubt existed in their minds.
In Lacy v. State, 387 So.2d 561 (Fla. 4th DCA 1980), this court stated that where a standard jury instruction has been approved by the Supreme Court a defendant attacking that instruction must clearly show that his/her rights have been meaningfully prejudiced by the instruction under review. Here, appellant claims that the facts are such that the jury had to have a reasonable doubt and the jury instruction allowed them to bring back a guilty verdict despite that doubt. However, appellant does not contest in this appeal the sufficiency of the evidence; and this court is not to reweigh the evidence and substitute its judgment for that of the jury. Tibbs v. State, 397 So.2d 1120 (Fla.1981), affirmed, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
The state argues that appellant’s argument is without merit. It points out that the instruction was given from the Florida Standard Jury Instructions in Criminal Cases and has been approved by the Florida Supreme Court in In re Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.1981). In that opinion, the Florida Supreme Court stated:
We recognize that there was a dispute within the committee concerning the instruction on reasonable doubt; we approve the instruction as proposed.
Id. at 595.
Furthermore, appellant concedes that the trial court, in the questioned instruction, did admonish the jury in an earlier paragraph that it “must” find the defendant not guilty if reasonable doubt remains. Moreover, other jury instructions read to the jury by the trial court reminded them that the state must prove every element beyond a reasonable doubt:
[Bjefore you can find the Defendant guilty of robbery, the State must prove the following four elements beyond a reasonable doubt....
[[Image here]]
[BJefore you can find the Defendant guilty of an attempt to commit the crime of robbery with a firearm, the State must prove the following two elements beyond a reasonable doubt....
[[Image here]]
[Bjefore you can find the Defendant guilty of an attempt to commit the crime of robbery with a firearm, the State must prove the following, two elements beyond a reasonable doubt....
(emphasis added).
Appellant has failed to show that the instruction under review caused any meaningful prejudice. Therefore, this court is affirming the conviction and sentence. Nevertheless, I write to urge the appropriate standing committee of The Florida Bar, whose responsibility it is to recommend jury instructions in criminal cases, to review the propriety of the instruction which appellant belatedly attacks here, and to consider changing the last paragraph to read “must” instead of “should.”