528 So.2d 1262 (1988)
Eduardo RUBIANO, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0072.
District Court of Appeal of Florida, Fourth District.
July 20, 1988.
Steven W. Gomberg of The Law Office of Steven W. Gomberg, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Lee Rosenthal and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We deny appellant's motion for rehearing. However, we withdraw the opinion issued December 9, 1987 and substitute the following:
The state charged appellant by information with trafficking in cocaine in violation of section 893.135(1)(b)1, Florida Statutes (1985), after 548.5 grams of cocaine were discovered in his carry-on garment bag at Fort Lauderdale International Airport. He admitted that he knew the packages were in his bag, stating that they were for friends. His airline ticket was made out to "Eduardo Rubio." A jury found appellant guilty as charged in the information. He now contends, among other things, that the trial court failed to give an adequate jury instruction on trafficking in cocaine and that the trial court erred in failing to grant his motion for judgment of acquittal. We affirm.
Section 893.135(1)(b)1, Florida Statutes (1985) requires "knowing" possession of cocaine. Because of that requirement, the Florida Supreme Court found in State v. Dominguez, 509 So.2d 917 (Fla. 1987) that the standard jury instruction on trafficking in cocaine did not adequately address the knowledge requirement of section 893.135(1)(b)1 and amended it to read as follows by adding a fourth element:
1. (Defendant) knowingly
[sold]
[manufactured]
[delivered]
[brought into Florida]
[possessed]

*1263 a certain substance.
2. The substance was [cocaine] [a mixture containing cocaine].
3. The quantity of the substance involved was 28 grams or more.
4. (Defendant) knew the substance was [cocaine].
Appellant, who was tried before the issuance of the opinion in Dominguez, contends that the instruction given by the trial court was inadequate in light of Dominguez.
The trial court began its instructions to the jury by stating that appellant had been charged by information with trafficking in cocaine. The court went on to give the following instruction:
Intent and knowledge are elements which the State must prove beyond a reasonable doubt in the prosecution for trafficking in a controlled substance. The State must prove the Defendant had knowledge of the specific controlled substance alleged in the Information, and that the Defendant had the intent to commit the specific crime alleged in the Information.
We hold that the above instruction meets the requirements of Dominguez because it unequivocally informs the jury that the state must prove knowledge of the specific controlled substance alleged in the information. As part of the instructions the trial court informed the jury that the information charged appellant with trafficking in cocaine. The instructions taken as a whole meet the requirement of Dominguez.
Appellant also contends that the record does not contain sufficient evidence to establish that he knew that the bag contained cocaine. The standard jury instruction for trafficking in cocaine also provides:
If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed.
Dominguez did not delete this inference from the instructions.
Appellant possessed the cocaine and admitted that he knew the packages in which the cocaine was found were in his baggage. Appellant argues that under the trafficking instruction, knowledge of the presence of contraband may be inferred, but it cannot be inferred that appellant knew the specific nature of the contraband. He then reasons that because the record contains only circumstantial evidence regarding his knowledge of the specific substance, the case should never have gone to the jury because the evidence fails to exclude every reasonable hypothesis of innocence, namely that appellant thought he was carrying some other substance. We disagree. Such a construction would render the inference permitted by the standard jury instruction essentially meaningless. It would make it virtually impossible to convict a defendant without a statement by him indicating that he knew the specific nature of the substance.
In Toole v. State, 472 So.2d 1174, 1176-77 (Fla. 1985), the court held:
Our decision here is supported by our opinions regarding the sufficiency of circumstantial evidence. In State v. Allen, 335 So.2d 823 (Fla. 1976), for example, we said that:
Circumstantial evidence, by its very nature, is not free from alternate interpretations. The state is not obligated to rebut conclusively every possible variation, however, or to explain every possible construction in a way which is consistent only with the allegations against the defendant. Were those requirements placed on the state for these purposes, circumstantial evidence would always be inadequate to establish a preliminary showing of the necessary elements of a crime.

Id. at 826. See also Lincoln v. State, 459 So.2d 1030 (Fla. 1984). The standard to be applied to support a conviction based on circumstantial evidence is that the evidence must be "inconsistent with any reasonable hypothesis of innocence." McArthur v. State, 351 So.2d 972, 976 n. *1264 12 (Fla. 1977). This determination is for the jury and where there is substantial, competent evidence to support the jury verdict, that determination will not be disturbed by the courts. Heiney v. State, 447 So.2d 210, 212 (Fla.) cert. denied, [469] U.S. [920], 105 S.Ct. 303, 83 L.Ed.2d 237 (1984).
See also Brayton v. State, 425 So.2d 88 (Fla. 1st DCA 1982) (evidence of guilty knowledge is sufficient for a conviction under section 893.135 when the drugs are found in the exclusive possession of the accused); Kresbach v. State, 462 So.2d 62, 64 (Fla. 1st DCA 1984) (knowledge of cocaine may be inferred in the case of exclusive possession). Additionally, it should be noted that the supreme court did not discharge the defendant in Dominguez even though he argued that the state failed to prove substance knowledge. Rather, the court simply remanded for a new trial with the proper jury instruction.
We do not disagree with the statement in Way v. State, 475 So.2d 239 (Fla. 1985), and State v. Ryan, 413 So.2d 411 (Fla. 4th DCA 1982), that knowledge of the substance possessed is an essential element of the crime of trafficking in cocaine under section 893.135(1)(b)1. However, the record contains sufficient evidence of knowledge of the nature of the substance for the case to go to the jury. See Toole, 472 So.2d at 1176-77.
We have considered the other points raised by appellant and find them to be without merit. Accordingly, we affirm.
AFFIRMED.
GLICKSTEIN, DELL and STONE, JJ., concur.