DOWNEY, Judge.
This is a timely appeal from a judgment of conviction and placement of appellant on community control for a period of two years for the offense of DWI manslaughter, in violation of section 860.01, Florida Statutes (1981).
During the course of the trial, at a jury instruction conference, the court provided counsel with an opportunity to present any requested instructions. Counsel for the defense specifically requested that none be given.
The only point on appeal we deem worthy of discussion is appellant’s contention that, absent a knowing and intelligent express waiver on the record by appellant, herself, the trial court was required to instruct the jury on the offense of vehicular homicide as a necessarily lesser included offense. The argument in favor of such requirement stems from the holding of the Florida Supreme Court in Harris v. State, 438 So.2d 787 (Fla.1983), cert. denied 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984), wherein the court held that, in order for a defendant in a capital case to waive an instruction on necessarily lesser included offenses, due process requires that he do so knowingly, intelligently and personally on the record. The question was left unanswered by the supreme court as to whether this same constitutional right was enjoyed by those charged with noncapital offenses, as in the instant case.
The supreme court has now resolved the matter with regard to those charged with noncapital offenses in Jones v. State, 484 So.2d 577 (Fla.1986). Therein, the court held that no personal waiver is required in order to guarantee fundamental fairness in the noncapital context, and a client is bound by the acts of his attorney regarding waiver of jury instructions on necessarily lesser included offenses. In the instant, noncapital, case there was no request for an instruction on vehicular homicide and there was no objection to the failure to give such an instruction. Therefore, the issue of whether vehicular homicide was a necessarily lesser included offense that the trial court should have instructed the jury on was not preserved.
Accordingly, finding no demonstration of reversible error, we affirm the judgment of conviction and placement of appellant on community control appealed from.
HERSEY, C.J., and GLICKSTEIN, J., concur.