526 So.2d 777 (1988)
Victoria Elaine LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2743.
District Court of Appeal of Florida, Second District.
June 15, 1988.
*778 James Marion Moorman, Public Defender, and A. Anne Owens, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals her convictions for trafficking and possession of cocaine. We reverse the conviction for possession and affirm the trafficking conviction.
Defendant first contends that, pursuant to Carawan v. State, 515 So.2d 161 (Fla. 1987), she should not have been convicted of trafficking and possession based upon a single act. We agree and therefore reverse the conviction for possession of cocaine. See also Campbell v. State, 517 So.2d 696 (Fla. 2d DCA 1987).
Defendant also contends that shortly before her trial the Florida Supreme Court held in State v. Dominguez, 509 So.2d 917 (Fla. 1987), that jury instructions for drug trafficking should instruct the jury that a defendant must know that the substance he or she possessed was the drug the defendant is charged with possessing. Defendant contends that she requested an instruction which would have satisfied this requirement and that the trial court erred in refusing to give the instruction. However, the instruction requested by defendant was not a Dominguez instruction and had nothing to do with defendant's knowledge of whether the substance was cocaine. The requested instruction merely repeated in different words the instruction given to the jury that the defendant must have knowingly possessed the drug. Accordingly, the trial court did not err in refusing to give the requested instruction.
Yet, even though defendant did not request a Dominguez instruction or object to the failure to give that instruction, we must consider whether there was fundamental error from the failure to give that instruction. See Castor v. State, 365 So.2d 701, 703 (Fla. 1978). Fundamental error occurs when there is given to the jury an incorrect instruction which has the effect of negating a defense, if the evidence supports that defense. See Motley v. State, 155 Fla. 545, 20 So.2d 798 (Fla. 1945); Carter v. State, 469 So.2d 194 (Fla. 2d DCA 1985); Rodriguez v. State, 396 So.2d 798 (Fla. 3d DCA 1981). In this case, the instructions given to the jury, while incorrect, did not negate defendant's defense. That defense was that defendant did not know the cocaine was in her purse. She did not contend that she knew the substance was in her purse but did not know it was cocaine. Accordingly, no fundamental error occurred.
Defendant further contends that there was fundamental error in the trial court's failure to instruct on the lesser included offense of possession of cocaine. But defendant did not request such an instruction and did not object to the failure to give it. Where there is no request for an instruction on a lesser included offense, the issue has not been preserved for appellate review. See Weyrick v. State, 485 So.2d 901 (Fla. 4th DCA 1986); Walker v. State, 473 So.2d 694, 697-98 (Fla. 1st DCA 1985).
The conviction for possession of cocaine is vacated, but the trafficking conviction is affirmed.
SCHOONOVER, A.C.J., and HALL, J., concur.