THREADGILL, Judge.
Shellie Lipscomb appeals his convictions and sentences for trafficking in cocaine in violation of section 893.135, Florida Statutes (1985) and possession of cocaine with intent to sell, in violation of section 893.13.
We agree with appellant that the charges arose out of the same transaction, and that the convictions for both trafficking and possession thus violate the constitutional prohibition against double jeopardy. Carawan v. State, 515 So.2d 161 (1987). See also Gordon v. State, 528 So. *1203 2d 910 (Fla. 2d DCA 1988) and Lee v. State, 526 So.2d 777 (Fla. 2d DCA 1988). We, therefore, vacate the conviction and sentence for possession of cocaine with intent to sell.
Lipscomb also argues that the trial court erred in applying a one-cell increase on the guidelines scoresheet for a probation violation because he was not on probation when he committed the primary offense of trafficking in cocaine. We disagree. While it is correct that Lipscomb was not on probation at the time of the primary offense, he subsequently committed other offenses and was placed on probation. At the time he was sentenced, Lipscomb’s probation was revoked and all pending charges, including the new ones that he pled to at that sentencing hearing, were before the court. The trafficking charge was correctly scored as the primary offense and the other charges were correctly scored as additional offenses at conviction. Because Lipscomb had violated probation and was being sentenced for crimes for which he was on probation, the trial judge was within his discretion in increasing the sentence one cell above the recommended range, even though the primary offense was not committed while Lipscomb was on probation. See Peters v. State, 531 So.2d 121 (Fla.1988) and Rule 3.701(d)(14), Fla.R.Crim.P.
Accordingly, we reverse the conviction and sentence for possession of cocaine with intent to sell, and remand for resentencing on the remaining charges. We affirm the court’s decision to increase the recommended sentence by one cell for violation of probation.
Affirmed in part, reversed in part and remanded.
SCHOONOVER, A.C.J., and LEHAN, J., concur.