537 So.2d 690 (1989)
John PRIESTLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1716.
District Court of Appeal of Florida, Second District.
January 27, 1989.
James Marion Moorman, Public Defender, and T. Orin Lee, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Priestley appeals a judgment and sentence adjudicating him guilty of murder in the second degree. We reverse.
*691 The incident giving rise to the charge occurred when Melvin Gill, the victim, and Priestley went outside of a bar. The evidence at trial indicated that Gill was thirty years of age, powerfully built, in good shape, and appeared strong. Priestley, on the other hand, was fifty years old with a normal build. Gill struck Priestley, knocked Priestley down, and repeatedly hit Priestley while on top of him. Priestley pulled a gun and shot Gill while Gill was hitting Priestley.
The trial judge found that there was sufficient evidence to create a jury question as to whether Gill had committed an attempted aggravated battery upon Priestley. While instructing the jury relating to Priestley's defense of justifiable use of deadly force, the trial judge defined aggravated battery as follows:
Aggravated battery. A person has committed an aggravated battery if:
One, that person intentionally touched or struck another against his will or intentionally caused bodily harm to the person.
And two, the person committing the battery intentionally or knowingly caused great bodily harm or permanent disability or permanent disfigurement to the other and used a deadly weapon.
Thereafter, the trial judge provided the jury with written jury instructions containing this same instruction, and the prosecutor, in closing argument, stated a deadly weapon was required to commit an attempted aggravated battery. The jury instruction and the prosecutor's statement were a misstatement of the law.[*]
Priestley's trial counsel failed to object to this instruction and agreed the instruction was correct. Because this instruction had the effect of negating Priestley's defense, which the trial court found was supported by the evidence, we find that the giving of this erroneous instruction was fundamental error. See Lee v. State, 526 So.2d 777 (Fla. 2d DCA 1988).
We find no merit in Priestley's other point on appeal.
REVERSED AND REMANDED FOR A NEW TRIAL.
CAMPBELL, C.J., and SCHOONOVER, J., concur.
NOTES
[*] The jury instruction is patterned from section 784.045, which provides:

(1) A person commits aggravated battery who, in committing battery:
(a) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
(b) Uses a deadly weapon.
§ 784.045, Fla. Stat. (1985) (emphasis added).