PER CURIAM.
Appellant Jimmie Lee Thorpe was convicted of trafficking in cocaine,[1] possession of cocaine,[2] burglary of a dwelling,[3] and criminal mischief.[4] In this appeal she raises two issues. Only one involves reversible error.
First, Thorpe maintains that the trial court should have granted a judgment of acquittal with respect to the charge of burglary. The facts underlying this particular charge are, to put it mildly, somewhat unusual. Thorpe was a passenger in a Che-vette which police were seeking due to a report the vehicle was being utilized to distribute cocaine. When the car was located and ordered stopped, both Thorpe and the driver fled on foot. Thorpe ran to a nearby house, asked to use the telephone, and advised the occupant, one Luis Melendez, that she had been in a fight with her boyfriend. Melendez, a stranger, nevertheless allowed Thorpe inside, but soon became suspicious and asked Thorpe “to tell me what had actually happened.” Thorpe admitted she had been purchasing cocaine at a nearby “crack house.” Thorpe then asked permission to look out a rear window, and, having done so, said, “Oh, shit, they’re after me.” At this point Melendez “got a bit worried” and began to ponder a strategy for convincing Thorpe to leave. Spotting two undercover police officers, Melendez tried without success to signal them. Eventually, however, the officers approached the house, ascertained that Thorpe was inside, and attempted to detain her at the door. Thorpe ran back inside, knocked out a window, jumped through, and ran up the street, where eventually she was apprehended.
Thorpe’s position is that there can be no burglary under these facts, which she claims clearly demonstrate consent for her to enter the premises. Watson v. State, 439 So.2d 271 (Fla. 4th DCA 1983). We disagree. Even setting aside the consideration that Mr. Melendez’s “consent” was somewhat the product of subterfuge, any such consent was clearly withdrawn when Melendez began to doubt the veracity of Thorpe’s story. Once a consensual entry has occurred, a burglary charge still may be grounded in a nonconsensual “remaining in” the structure. Ray v. State, 522 So.2d 963 (Fla. 3d DCA), rev. denied, 531 So.2d 168 (Fla.1988). We do note in passing that the information charging burglary alleges only that Thorpe intended to commit “an offense” within the Melendez residence. It is essential to prove that the accused intended to commit some offense *1287 when entering or remaining in the structure. Toole v. State, 472 So.2d 1174 (Fla.1985). The state need not specify what offense, although this has been described as “the better practice.” State v. Waters, 436 So.2d 66, 69 (Fla.1983). As a result we are left to speculate which of several possible offenses Thorpe intended to commit, or to facilitate committing, once inside Mr. Melendez’s house. However, this precise issue was not raised below, nor is it argued on appeal.
Thorpe also argues, and we agree, that the trial court erred in convicting of and sentencing for both trafficking in cocaine and the lesser felony offense of possession. Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), approved, State v. Smith, 547 So.2d 613 (Fla.1989). Accordingly, we direct the trial court to vacate the judgment and sentence for possession. The other convictions and the sentences therefor are affirmed.
Affirmed in part, reversed in part, and remanded with directions.
RYDER, A.C.J., and DANAHY and PARKER, JJ., concur.

. § 893.135(l)(b)l, Fla.Stat. (1985).

. § 893.13(l)(e), Fla.Stat. (1985).

. § 810.02, Fla.Stat. (1985).

.§ 806.13(l)(b)l, Fla.Stat. (1985).