PER CURIAM.
Soloman McCluster challenges the denial of his posteonviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Of the many issues raised in his motion only one merits our attention, upon which we reverse.
Guilty pleas were accepted by the court to two counts of traffickmg in cocaine and one count of possession of cocaine. At the time of the plea, the state agreed to reduce in severity the grade of trafficking involved resulting in a less severe mandatory minimum sentence, and it concurred as well in a downward departure sentence. McCluster raises questions about the viability of his conviction and sentence for the simple possession charge, which, if sustained, may vitiate the plea agreement he entered into.
According to the incomplete record before us it appears that appellant was arrested for trafficking in cocaine in association with a law enforcement surveillance of his vehicle and the discovery of contraband in or around that vehicle. Thereafter, while appellant was being processed for the arrest, authorities obtained the consent of his girlfriend and searched his apartment, uncovering a separate quantity of cocaine of sufficient weight to sustain a second trafficking charge. We see no irregularities in trafficking convictions growing out of these two distinct episodes. Appellant does assert, however, and the record nowhere refutes, that the simple possession charge involves the same drugs which gave rise to the trafficking count based upon the seizure at the time of the search of the automobile.
The factual basis provided at the time of the plea provides nothing to dissuade us from this view. Principles of double jeopardy forbid convictions for trafficking and simple possession based upon the possession of only one lot of contraband. Thorpe v. State, 559 So.2d 1285 (Fla. 2d DCA 1990); Lee v. State, 526 So.2d 777 (Fla. 2d DCA 1988). Claims asserting violations of double jeopardy are cognizable in a collateral proceeding such as is under review here. Plowman v. State, 586 So.2d 454 (Fla. 2d DCA 1991).
Trafficking in illegal drugs can be proven in a variety of ways: sale, possession, manufacture, delivery and bringing into this state. § 893.135, Fla.Stat. (1993). Simple possession is not a necessarily lesser included offense of trafficking by delivery, or sale, or any alternate accusation besides possession. State v. Daophin, 533 So.2d 761 (Fla.1988). And jeopardy restraints would not forbid the conviction of simple possession and *718 trafficking if charged (and proven) by any means besides possession.
By the terms of the factual basis recited at the time of the plea, and without any of the charging documents before us, we can reach no conclusion but that McCluster pleaded guilty and was convicted of both trafficking in and possession of cocaine for possessing the very same contraband.
If the record fails to refute this conclusion upon remand, McCluster is entitled to have his conviction and sentence for possession of cocaine vacated. And, as this was a negotiated plea, either party would have the right to have the plea set aside and proceed to trial.
Should the trial court again deny the motion after remand, appellant must seek review of that order within thirty days.
Reversed in part, affirmed in part, and remanded.
RYDER, A.C.J., and DANAHY and SCHOONOVER, JJ., concur.