**Harley Maurice BRYAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23069.**

United States Court of Appeals
Fifth Circuit.

Feb. 16, 1967.

Rehearing Denied April 4, 1967.

Sam E. Barket, Jr., Greene, Greene & Kennelly, Jacksonville, Fla., for appellant.

Bernard Nachman, Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and BELL and GOLDBERG, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

Appellant was indicted for violating 26 U.S.C.A. § 5851 in that he had in his possession a firearm, to-wit, one Harrington & Richardson "Handy-Gun", .410 gauge with a 12½ inch barrel, which had not been registered as required by the National Firearms Act. This appeal is from the sentence of a year and a day entered on a jury verdict of guilty. We reverse.

■■ The evidence disclosed that appellant's place of business was raided for an unrelated purpose. During the raid one of the officers saw the firearm in question under a counter near where appellant was standing. It was seized and the indictment followed therefrom.[1]

The proof was uncontradicted that appellant had possession of the firearm and that it had not been registered. Indeed, appellant admitted this. This left only two issues in the trial court: one, whether the element of the offense that the firearm in question was subject to registration was proven; and two, whether appellant could explain his possession

---

1. The government, without objection, colored the case to its advantage through its first witness who testified to a raid on a club operated by appellant. The raid was by a group of officers from the Duval County Sheriff's Office and one agent of the Federal Bureau of Investigation. It was the result of a charge that appellant had contributed to the delinquency of a minor. This turned out to be a charge of employing an underage female in appellant's establishment where alcoholic beverages were served. Appellant was fined $150.00 for this offense in the state court. This testimony placed the idea of appellant contributing to the delinquency of a minor before the jury. Inasmuch as the case may be retried, we note this testimony and the fact that it was largely irrelevant and perhaps prejudicial under our supervisory power so that it may not become the subject matter of assignment of error on a subsequent appeal. In addition, counsel for the government engaged in further prejudice by asking appellant's character witness whether he was aware that appellant had been arrested in 1956 for disorderly conduct and prowling. The court sustained an objection to this question but denied a motion for mistrial. This question was patently improper. See Hurst v. United States, 5 Cir., 1964, 337 F.2d 678. See also Berger v. United States, 1935, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314, on the impropriety of such trial tactics by the prosecution.

within the meaning of the presumption clause of 26 U.S.C.A. § 5851.[2]

■ The court stated that scienter was not an element of the offense. This was correct. United States v. Decker, 6 Cir., 1961, 292 F.2d 89; Sipes v. United States, 8 Cir., 1963, 321 F.2d 174. The court then ruled that appellant could not explain that he did not know the gun was subject to registration, and also rejected a proffer from appellant that he did not register the gun because he thought it was a pistol and not subject to registration. As we shall see, the firearm was not subject to registration if it was, in fact, a pistol. This testimony was offered to explain his possession of an unregistered firearm. Appellant sought also to rebut the government's proof that the firearm was not a pistol and thus subject to registration. This rebuttal was in the form of expert testimony. The District Court rejected a proffer by the expert that the firearm in question was a pistol.

This witness had previously testified that the firearm in suit was manufactured and had not been altered; that there were at least two other manufacturers of a similar firearm; and that it was listed in the Collector's Magazine as a .410 pistol. It fired a shotgun shell including a shell containing only one shot or slug. He was not certain that it would fire a .44 bullet. The firearm had a pistol grip as distinguished from the stock of a shotgun and was capable of being fired with one hand. This witness testified on cross-examination that an accurate description of the weapon would be a "one-hand stock gun designed to fire fixed shotgun ammunition," and this statement is a part of the rub of the case. It is in the language of a treasury regulation which required registration by providing that such a gun is not a pistol. Footnote (4), infra.

A witness for the government had previously testified as an expert that the firearm was classified under the National Firearms Act as "any other weapon". This meant that the weapon was neither a shotgun nor a pistol but nevertheless subject to registration.[3] Moreover, ap-

2. 26 U.S.C.A. § 5851:

It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 5811, 5812 (b), 5813, 5814, 5844, or 5846, or which has at any time been made in violation of section 5821, or to possess any firearm which has not been registered as required by section 5841. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury.

26 U.S.C.A. § 5811 imposes a tax on the transfer of a firearm covered by the National Firearms Act. 26 U.S.C.A. § 5841 requires every person possessing a firearm covered by the Act to register the same with the Secretary of the Treasury. Firearms subject to registration are defined in 26 U.S.C.A. § 5848. 26 U.S.C.A. § 5847 vests authority in the Secretary to prescribe such regulations as may be necessary for carrying out the provisions of the Act.

3. 26 U.S.C.A. § 5848:

(1) Firearm.—The term "firearm" means a shotgun having a barrel or barrels of less than 18 inches in length, or a rifle having a barrel or barrels of less than 16 inches in length, or any weapon made from a rifle or shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than 26 inches, or any other weapon, except a pistol or revolver, from which a shot is discharged by an explosive if such weapon is capable of being concealed on the person, or a machine gun, and includes a muffler or silencer for any firearm whether or not such firearm is included within the foregoing definition.

* * * * * * *

(3) Rifle.—The term "rifle" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed metallic cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger.

(4) Shotgun.—The term "shotgun" means a weapon designed or redesigned,

pellant's expert, as stated, was permitted to classify the weapon as a one-hand stock gun. This took it out of the definition of a pistol and made it subject to registration under a regulation promulgated by the Secretary.[4] No opinion testimony in rebuttal was allowed.

The court's ruling with respect to appellant's expert not being allowed to give his opinion that the firearm was a pistol rested for its validity on the same view which led the court to take the issue of whether the firearm was subject to registration from the jury. The court construed the pertinent statutes and the regulation issued pursuant thereto, footnote (4), supra, as holding that the firearm in suit was not a pistol and that it was subject to registration under the "any other weapon" category of the Act. The court then stated that it was ruling as a matter of law that the firearm fell within the registration requirements of the Act and was subject to registration.

The court instructed the jury that the gun in question was a firearm within the meaning of 26 U.S.C.A. § 5851. He had previously stated to the jury that whether the gun fell within the registration requirements was one of the elements of the offense charged. Thus his instruction eliminated this element as an issue. It left the elements of possession and nonregistration as issues but these had been admitted by the appellant.

The questions presented are three in number. One, should appellant have been permitted to explain his possession of an unregistered firearm by stating that he believed it to be a pistol and not subject to registration. Two, was it error to reject the proffer by appellant's expert that in his opinion the firearm was a pistol. Three, did the court err in taking an element of the offense from the jury, i. e., whether the firearm was of the type required to be registered.

■ With respect to the first we find no error. Appellant sought to explain his failure to register the firearm and thus his possession of it on the basis that he thought it was a pistol and not subject to registration. This was offered to overcome the presumption of the statute. This testimony would either go to scienter which is not involved in the statute, United States v. Decker, supra; Sipes v. United States, supra, or to ignorance of the law which is no excuse. It was inadmissible testimony. This holding is to be distinguished from an offer of factual testimony going to the question of the proper classification of the firearm under the Act. Appellant sought only to explain his conduct; not to establish a fact which would explain his conduct.

■ This brings us to the second assignment of error which is based on rejecting the opinion testimony of appellant's expert that the firearm was a pis-

---

made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger.

(5) Any other weapon.—The term "any other weapon" means any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive, but such term shall not include pistols or revolvers or weapons designed, made or intended to be fired from the shoulder and not capable of being fired with fixed ammunition.

4. 26 CFR § 179.35 *Pistol*.
"Pistol" shall mean a weapon originally designed, made, and intended to fire a small projectile (bullet) from one or more barrels when held in one hand, and having (a) a chamber(s) as an integral part(s) of, or permanently aligned with, the bore(s); and (b) a short stock designed to be gripped by one hand and at an angle to and extending below the line of the bore(s). The term shall not include any gadget device, any gun altered or converted to resemble a pistol, any gun that fires more than one shot, without manual reloading, by a single function of the trigger, or any small portable gun such as: Nazi belt buckle pistol, glove pistol, or a one-hand stock gun designed to fire fixed shotgun ammunition.

tol. In the first place, this was a case where expert testimony was indicated. The statutes and the regulation are technical and it cannot be said that the special skill of experts was unnecessary in classifying the firearm on a factual basis so as to aid the jury in making its determination of coverage *vel non* under the registration requirements of the Act. VII Wigmore on Evidence, 3 ed., § 1923, p. 21 et. seq.

It must be again noted that the question of the expert not being allowed to give his opinion is related to the action of the court in instructing the jury that, as a matter of law, the firearm was subject to registration, thus removing this element of the offense from the jury's consideration. This is the third assignment of error. The government asserts our case of United States v. Fisher, 5 Cir., 1965, 353 F.2d 396, in answer to both assignments of error. There a firearm similar to the one here was involved in a forfeiture proceeding. The trial was before the court without a jury. The District Court found as a fact that the firearm was a pistol and thus not subject to registration. His finding was based on the characteristics of the firearm and expert testimony based thereon. On appeal the government relied on the statutes, footnote (3), supra, and on the regulation, footnote (4), supra. The question before the court was whether the clearly erroneous rule applied. This court concluded that whether the firearm was contraband as not having been registered had to be determined by construing the statutes and the regulation. The facts were undisputed and the ultimate question was whether the District Court properly applied the law to the facts. The review was thus of a mixed question of law and fact rather than a review of a finding of fact by the trial court. The court then concluded that the firearm there fell within the "any other weapon" classification and that the District Court

erred in holding that it was a pistol. The government now urges that the District Court was correct in this case in rejecting expert opinion and in removing the issue of classification from the jury. We do not agree. That was a non-jury case tried under the civil rules, Rule 54(b)(5), F.R.Crim.P.; this is a criminal case tried before a jury.

The burden was on the government in this case to prove every element of the offense beyond a reasonable doubt. This required proof of the classification of the firearm under the Act so as to prove that registration was required. The government could have proceeded on pure facts but it was permissible to use expert testimony. In any event it was a question that had to be submitted to the jury. The District Court erred in not submitting it to the jury. As we said in Roe v. United States, 5 Cir., 1961, 287 F.2d 435:

 " * * * no fact, not even an undisputed fact, may be determined by the Judge. The plea of not guilty puts all in issue, even the most patent truths. In our federal system, the Trial Court may never instruct a verdict either in whole or in part."

The court there instructed the jury that certain lease agreements were investment contracts, and, therefore, a security within the meaning of the Securities Act of 1933. In so doing, he erroneously took the determination of this crucial issue from the jury. This ruling is substantiated by several cited authorities including the opinion of this court in Brooks v. United States, 5 Cir., 1957, 240 F.2d 905. The element of whether the firearm should have been registered under the Act was a jury issue. It was error to partially instruct a verdict as was done with respect to this issue.

Appellant was also entitled to refute the expert testimony offered by the government to prove the issue.[5] It

5. Whether expert testimony that the weapon should be classified under the Act as "any other weapon" was inadmissible in the first place is not a question before us. There was no objection to this testimony but it is to be distinguished from opinion testimony that the firearm in question, based on its characteristics, was a shotgun or a pistol. This latter type opinion testimony goes to a fact rather than to a legal conclusion. Cf. Huff v. United States, 5 Cir., 1959, 273 F.2d 56.

**408**

was error to deny him this right through the rejection of his expert's opinion that the firearm was a pistol.

Whether the firearm was a pistol and not subject to registration, or a shotgun or "any other weapon" subject to registration was for the jury to decide based on the evidence adduced, the aid offered by the experts, and the law given in the charge. The law given in the charge would include the statutes and the regulation but it was appellant's due to have the issues which stemmed from the requirement on the government to prove every element of the offense beyond a reasonable doubt submitted to the jury for determination. He is thus entitled to a new trial.

Reversed and remanded for further proceedings not inconsistent herewith.

Judgment affirmed in part and reversed in part.