509 So.2d 917 (1987)
STATE of Florida, Petitioner,
v.
Antonio DOMINGUEZ, Respondent.
No. 69318.
Supreme Court of Florida.
June 18, 1987.
Robert A. Butterworth, Atty. Gen. and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender, Seventh Judicial Circuit and Kenneth Witts, Asst. Public Defender, Daytona Beach, for respondent.
BARKETT, Justice.
We have for review Dominguez v. State, 492 So.2d 1187 (Fla. 5th DCA 1986), in which the district court certified the following question of great public importance:
DOES THE CURRENT STANDARD JURY INSTRUCTION ON TRAFFICKING IN COCAINE SUFFICIENTLY INSTRUCT THE JURY THAT TO CONVICT A DEFENDANT UNDER THE STATUTE ONE OF THE ELEMENTS THAT THE STATE MUST PROVE IS THAT THE DEFENDANT KNEW THAT THE SUBSTANCE IN WHICH HE TRAFFICKED WAS COCAINE?
Id. at 1189. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the negative and affirm the order of the district court.
Antonio Dominguez was arrested for his alleged role in assisting another man, Joe Brooks, in selling some 55.9 grams of cocaine to an undercover narcotics officer. At trial, Dominguez defended on his contention that he did not know the substance was cocaine and had no knowledge that Brooks was trafficking in drugs. According to Dominguez's testimony, he accompanied Brooks to a theater to see a movie, but Brooks insisted on driving around in the parking lot upon their arrival. Finally, testified Dominguez, Brooks saw a man in another car and parked nearby. Brooks pointed to two packages. Leaving his own car, Brooks approached and entered the vehicle of the undercover officer. At the prearranged cue, Dominguez said he took the package and handed it to the undercover officer. At this time, he was arrested and charged with trafficking in cocaine, a violation of section 893.135(1)(b), Florida *918 Statutes (1985). During the transaction, Dominguez made no statements indicating knowledge of the substance in question.
The sole issue on appeal is the adequacy of the jury instruction on Dominguez's knowledge of the substance in his possession. Defense counsel requested, but was denied, the following instruction:
The State must prove beyond and to the exclusion of every reasonable doubt that at the time of the transaction that the defendant knew the substance was cocaine.
The trial court instead gave the following instruction.
Now, Antonio Dominguez, the defendant in this case, has been accused of the crime of trafficking in cocaine. Before you can find the defendant guilty of trafficking in cocaine, the State must prove the following three elements beyond a reasonable doubt.
Element number one, Antonio Dominguez knowingly sold, delivered or possessed a certain substance.
Element number two, the substance was cocaine or a mixture containing cocaine.
Element number three, the quantity of cocaine involved was 28 grams or more.
The defendant subsequently appealed. The Fifth District found that the trial court should have instructed the jury that the state must prove beyond a reasonable doubt that the defendant knew the substance was cocaine. On appeal, the state argues that there was little if any difference between the jury instruction given and the one requested. The state contends that, since the jury was told that the defendant must have "knowingly sold, delivered or possessed a certain substance," that the jury received adequate instruction on the mens rea element. Moreover, argues the state, possession of a substance implies knowledge of its nature. In making these assertions, the state relies in part on two cases holding that the jury need not find that a defendant specifically knew he possessed more than 28 grams of cocaine, a statutory requirement. Wiesenberg v. State, 455 So.2d 633 (Fla. 5th DCA 1984); Way v. State, 458 So.2d 881 (Fla. 5th DCA 1984), approved, 475 So.2d 239 (Fla. 1985). Although specific knowledge of the weight of cocaine is not required, we cannot agree that the same conclusion is true when the defendant asserts no knowledge of the nature of the substance. To the contrary, we specifically stated in Way that
knowledge of the nature of the substance possessed is an essential element to the crime of trafficking in cocaine under section 893.135(1)(b)1. The statute requires "knowing" possession of cocaine and, therefore, lack of knowledge that the substance is cocaine would be a defense.
Id. at 240-41. We note that, under our statute, mens rea is an essential element of all trafficking offenses. See § 893.135, Fla. Stat.
Based on this language, the jury instruction must be deemed inadequate because the word "knowingly" modifies only the words "sold, manufactured, delivered, brought into Florida, or possessed a certain substance." Fla.Std.Jury Instr. (Crim.), at 231. It in no sense modifies that part of the jury instruction relating to the nature of the substance. Thus, the jury could be led to believe that it could convict the defendant merely because he "knowingly" possessed a substance that later proved to be cocaine, whether or not he knew the nature of that substance.
We therefore answer the certified question in the negative and approve the order of the district court remanding for new trial.
Because of the inadequacy of the standard jury instructions revealed by this case, we hereby amend those instructions dealing with crimes arising from drug trafficking. To each of those instructions, we add a fourth element:
4. (Defendant) knew the substance was (specific substance alleged).
This addition is applicable to instructions dealing with the following crimes: (1) section 893.135(1)(a), Florida Statutes (trafficking in cannabis); (2) section 893.135(1)(b), Florida Statutes (trafficking in cocaine); (3) section 893.135(1)(c), Florida Statutes (trafficking *919 in illegal drugs); (4) section 893.135(1)(d), Florida Statutes (trafficking in phencyclidine); and (5) section 893.135(1)(e), Florida Statutes (trafficking in methaqualone).
It is so ordered.
McDONALD, C.J., and SHAW, GRIMES and KOGAN, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion, in which OVERTON, J., concurs.
EHRLICH, Justice, concurring in part and dissenting in part.
I concur with the majority's amendments to the instructions dealing with crimes arising from drug trafficking. However, for the reasons set forth so well in Judge Orfinger's dissent below, I dissent on the merits.
In addition, I have reviewed the trial transcript. Counsel for the state and for the defendant each told the jury that knowledge by defendant that the substance in question was cocaine was an element of the crime charged. The state argued that the element of knowledge was proved. The defense argued to the contrary. The jury well knew that knowledge was an essential element of the crime and had to be proved by the state.
While I readily acknowledge that the amendment to the Standard Jury Instructions set forth in the majority opinion is an improvement, I cannot say that the instruction as given was inadequate in light of the argument and position taken by counsel's closing argument.
OVERTON, J., concurs.