PER CURIAM.
Appellant requests reversal of his conviction for trafficking in cocaine, urging that a jury instruction given without objection constituted fundamental error. We reverse.
Appellant was stopped for running a red light and arrested for driving with a suspended license. An inventory search of his vehicle turned up one kilogram of cocaine. Appellant’s wallet contained a cocaine pricing list. The thrust of the defense was that appellant co-owned the vehicle with another person; that others had had access to the vehicle on the day in question; and that the state had failed to demonstrate appellant’s knowing possession of the package of cocaine. The trial judge gave the standard jury instruction as it existed prior to State v. Dominguez, 509 So.2d 917 (Fla.1987):
Before you can find the Defendant guilty of trafficking in cocaine, the State must prove the following three elements beyond a reasonable doubt.
One, that Mr. Delva knowingly possessed a certain substance.
Two, the substance was cocaine or a mixture containing cocaine.
Three, the quantity of the substance involved was 28 grams or more.
The present case was tried in January, 1987. In June, 1987 the Florida Supreme Court rendered its decision in Dominguez. Answering a certified question,[1] the Dominguez Court concluded that the then-existing standard jury instruction was inadequate in the circumstances revealed by that case, namely, where the defendant was clearly in possession of a package but contended he did not know the contents were contraband. The Court amended the standard jury instructions applicable to trafficking cases by adding a fourth element: “4. (Defendant) knew the substance was (specific substance alleged).” 509 So.2d at 918. As Dominguez had requested an appropriate instruction at trial, his conviction was reversed.
In the present case the defense was lack of knowledge the package was in the car and a fortiori, lack of knowledge of the contents. These issues were interwoven in the defense argument to the jury: “The State has to prove that he knew that cocaine was hidden under the seat.” No objection was made to the use of the then-existing standard jury instruction.
Appellant contends that, in light of Dominguez, the jury instruction was inadequate as a matter of law. As no contemporaneous objection to the instruction was made, appellant concedes that it is his burden to demonstrate that the instruction given constituted fundamental error.
It is well established that “ ‘[fundamental error,’ which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action.” Clark v. State, 363 So.2d 331, 333 (Fla.1978). It is frequently said that the error complained of must amount to a denial of due process. Ray v. State, 403 So.2d 956, 960 (Fla.1981).
Appellate courts invoke the doctrine of fundamental error “very guardedly,” id. at 960, especially where jury instructions are involved. Not only do the Rules of Criminal Procedure explicitly require a contemporaneous objection to jury instructions, Fla.R.Crim.P. 3.390(d), but “[t]he failure to object is a strong indication chat, at the time and under the circumstances, the defendant did not regard the alleged fundamental error as harmful or prejudicial.” *54 Ray v. State, 403 So.2d at 960.[2]
Fundamental error in jury instructions does occur “when an omission or error in the definition of a crime is pertinent or material to what must actually be considered by the jury in order to convict.” Williams v. State, 400 So.2d 542, 543 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983). The omitted or misstated instruction must relate to a critical and disputed jury issue in the case, id. at 544, and not to an issue on which there is no real dispute. Id. at 545.
In the present case there was no dispute that the package of cocaine was in the car when the defendant was arrested. The court’s instruction on possession stated, in part, “If a thing is ... so close as to be within ready reach and is under the control of a person it is in the actual possession of that person ... If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed.” The defendant’s knowledge that the package contained cocaine was an essential and disputed element of the offense charged. As in Dominguez the instructions were susceptible of the reading that knowing possession of the package containing the substance was sufficient to convict, without proof that defendant had knowledge of the contents. Under the principles set forth in Williams, we believe there was fundamental error, and, defendant must be retried.
As to defendant’s second point on appeal, the motion for judgment of acquittal was properly denied.
Reversed and remanded.

. The question had been certified in 1986. Dominguez v. State, 492 So.2d 1187 (Fla. 5th DCA 1986).

. The Ray decision did, however, apply the fundamental error doctrine to reverse a conviction where erroneous jury instructions on lesser in-eluded offenses effectively resulted in a conviction for a crime not charged.