552 So.2d 257 (1989)
Gerald LAWSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0963.
District Court of Appeal of Florida, Fourth District.
November 8, 1989.
Rehearing Denied December 13, 1989.
*258 Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The defendant claims that the jury instruction given as to the charge of trafficking in cocaine was defective. We affirm.
The police made a routine stop of a car travelling at night without any lights, whereupon, the defendant driver immediately exited the vehicle and fled carrying a brown satchel. During a four hundred yard footrace, the pursuing officer saw the defendant attempt to throw the satchel over a fifteen-foot wall. Recovering it, the officer looked inside to see plastic bags full of 430 grams of white powder. Also, in the satchel was a triple beam weighing scale. The defendant had a large amount of cash on his person.
The appellant correctly argues that an outdated standard jury instruction was given on the trafficking charge. The trial court did not add the fourth element set forth in the latest standard instruction; specifically, that the defendant knew the substance was cocaine. State v. Dominguez, 509 So.2d 917 (Fla. 1987). However, the defendant offered no objection, indeed, he specifically approved the charge given.
There being no objection, this cause is not reversible unless we are to conclude that fundamental error occurred. Under the facts and circumstances, we do not believe it did.
First, the admittedly outdated charge given would not have been any kind of error a mere nine months before. It is difficult to raise the error to a fundamental level under the facts of this case.
Second, and more importantly, we are convinced beyond a reasonable doubt that the error complained of did not affect this verdict. Our version of common sense tells us that the jury would find it inconceivable to suppose that a suspect would flee the police and attempt to throw his satchel *259 over a fifteen-foot wall if he did not know that it contained contraband. Whether failure to include, in a jury instruction, an element of the crime that must be proved is reversible, depends on whether there was a genuine dispute as to that element. See State v. Austin, 532 So.2d 19 (Fla. 5th DCA 1988).
Seldom quoted is section 59.041, Florida Statutes (1987), the chapter entitled "Appellate Proceedings" which states:
59.041 Harmless error; effect.
No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed.
Also to be considered is section 924.33, Florida Statutes (1987), the chapter entitled "Appeals." This latter section is much like the former and states:
924.33 When judgment not to be reversed or modified.  No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.
The above legislation was discussed at length in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). It can be deduced from DiGuilio that if application of the harmless error test results in a finding that the type of error is not always harmful, then it is improper to categorize the error as per se reversible. Again, we are convinced beyond a reasonable doubt that the error complained of did not affect this verdict.
HERSEY, C.J., concurs.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting.
When a necessary element of the offense charged has been placed in issue, failure to instruct the jury on that element constitutes fundamental error. See Williams v. State, 400 So.2d 542, 545-46 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983), and cases cited therein. Failure to instruct, when requested, that the state must prove beyond and to the exclusion of every reasonable doubt that defendant knew at the time of the offense that the substance was cocaine is reversible error. Dominguez v. State, 492 So.2d 1187, 1188 (Fla. 4th DCA 1986), aff'd, 509 So.2d 917 (Fla. 1987).
Here, as in Dominguez, defendant's knowledge of the nature of the substance possessed was the only real issue.
I would infer that the presence of fundamental error obviates the need to request the instruction, and that the harmless error rule is inapplicable.
I would reverse.