575 So.2d 643 (1991)
STATE of Florida, Petitioner,
v.
Batraville Vincent DELVA, Respondent.
No. 75784.
Supreme Court of Florida.
February 21, 1991.
*644 Robert A. Butterworth, Atty. Gen. and Jacqueline M. Valdespino, Asst. Atty. Gen., Miami, for petitioner.
David A. Corden, Corvallis, Or., for respondent.
PER CURIAM.
In Delva v. State, 557 So.2d 52 (Fla. 3d DCA 1989), the district court of appeal reversed Delva's conviction for trafficking in cocaine because the trial court did not instruct the jury on an element of the crime, i.e., Delva's knowledge that the substance was cocaine. In an unpublished order denying rehearing, the court certified the following question as being of great public importance:
In a case tried prior to the decision in Dominguez v. State [sic], 509 So.2d 917 (Fla. 1987), is it fundamental error to fail to instruct the jury that in order to convict, the State must prove that defendant knew the substance contained in the package in defendant's car was cocaine, where the instructions were susceptible of the reading that knowing possession of the package containing the substance was sufficient to convict, and where the error is urged on direct appeal from the conviction, not on collateral attack.
Delva v. State, 571 So.2d 1 (Fla. 3d DCA 1990). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Prior to State v. Dominguez, 509 So.2d 917 (Fla. 1987), the standard jury instruction on trafficking in cocaine provided that the state must prove:
1. (Defendant) knowingly ... [possessed] a certain substance.
2. The substance was [cocaine]... .
3. The quantity of the substance involved was 28 grams or more.
Fla. Std. Jury Instr. (Crim.) at 233 (Mar. 1989). In Dominguez, the defendant was arrested when he delivered two packages of cocaine to an undercover officer. In his defense, Dominguez asserted that he had no knowledge of the nature of the substance in the package. He requested a special instruction that the state must prove that the defendant knew the substance was cocaine. We approved the holding of the district court of appeal which had reversed the defendant's conviction for failure to give the requested instruction. Noting the inadequacy of the standard jury instructions revealed by this case, we amended the instructions to add a fourth element:
4. (Defendant) knew the substance was (specific substance alleged).
Dominguez, 509 So.2d at 918.
Thus, there is no doubt that the instruction given in Delva's case was erroneous. Delva's trial, however, occurred prior to the release of Dominguez. Moreover, unlike Dominguez, Delva neither objected to the then-standard instructions given in his case nor requested an instruction on his actual knowledge of the substance.
We have long held that "[i]t is an inherent and indispensable requisite of a fair and impartial trial ... that a defendant be accorded the right to have a Court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence." Gerds v. State, 64 So.2d 915, 916 (Fla. 1953). Instructions, however, are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred. Castor v. State, 365 So.2d 701 (Fla. 1978); Brown v. State, 124 So.2d 481 (Fla. 1960). To justify not imposing the contemporaneous objection rule, "the error must reach down into the validity of the trial itself to the extent *645 that a verdict of guilty could not have been obtained without the assistance of the alleged error." Brown, 124 So.2d at 484. In other words, "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict." Stewart v. State, 420 So.2d 862, 863 (Fla. 1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983). Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal. E.g., Stewart (trial court did not instruct on intent to permanently deprive as element of robbery, but defendant admitted at trial that he stole the victim's personal property); Morton v. State, 459 So.2d 322 (Fla. 3d DCA 1984) (no instruction on elements of robbery, but facts of robberies conceded with mistaken identity being the only contested issue), review denied, 467 So.2d 1000 (Fla. 1985); Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981) (same as Morton), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983).
In the instant case, a package of cocaine was discovered under the front seat of the car Delva was driving. What officers identified as a cocaine pricing list was found in Delva's wallet. Delva's defense was that he did not know the package of cocaine was even in his car. He presented testimony that the car was jointly owned by himself and his fiancee and the two of them as well as his brother all drove the car. He further presented testimony that his brother drove the car on the day of the arrest. In his closing argument, defense counsel told the jury that the state had to prove he knew the cocaine was hidden under the seat. He pointed out that the cocaine was out of plain view, that Delva's brother had had the car all day, and that Delva's fingerprints were not on the package.
There was no suggestion that Delva was arguing that while he knew of the existence of the package he did not know what it contained. Hence, the issue which was raised in Dominguez and corrected by the addition to the standard jury instruction was not involved in Delva's case. Because knowledge that the substance in the package was cocaine was not at issue as a defense, the failure to instruct the jury on that element of the crime could not be fundamental error and could only be preserved for appeal by a proper objection.
We answer the certified question in the affirmative with the qualification that fundamental error does not occur when the defendant's knowledge of the nature of the substance was not an issue in the case. We quash the decision below.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT and GRIMES, JJ., concur.
McDONALD and KOGAN, JJ., dissent with opinions.
McDONALD, Justice, dissenting.
The answer to the question certified by the district court of appeal should be that where actual knowledge of the substance is at issue, i.e., is a disputed element of the crime, as a defensive matter, it is fundamental error not to give the instruction added by State v. Dominguez, 509 So.2d 917 (Fla. 1987). If that element of the trafficking charge is not at issue, the contemporaneous objection rule will apply.
According to the district court of appeal in the instant case "the defense was lack of knowledge the package was in the car and a fortiori, lack of knowledge of the contents." Delva v. State, 557 So.2d 52, 53 (Fla. 3d DCA 1989). If Delva's knowing or not knowing the package contained cocaine was at issue, then the instruction on actual knowledge should have been given whether requested or not and the district court would have correctly found that fundamental error existed in this case. If actual knowledge of the substance is not at issue as a defensive matter, however, failure to give the Dominguez instruction is not fundamental error, and the contemporaneous objection rule will be applied. E.g., Lawson v. State, 552 So.2d 257 (Fla. 4th DCA 1989), review denied, 563 So.2d 632 (Fla. 1990); State v. Austin, 532 So.2d 19 (Fla. *646 5th DCA), review denied, 537 So.2d 568 (Fla. 1988); Lee v. State, 526 So.2d 777 (Fla. 2d DCA 1988).
I basically agree with the applicable law as set forth in the majority opinion and I agree that, before the failure to give the instruction that "Delva must know that the property he possessed was cocaine" can be raised on appeal absent a request for the instruction, it must be shown that actual knowledge was an issue in the case. The district court of appeal analyzed that the issue of lack of knowledge of the package necessarily includes the issue of lack of knowledge that the contents of the package were cocaine and thus was an issue in the case. I agree with this and thus believe it was reversible fundamental error to fail to give the instruction now explicitly required in Dominguez. It matters not that this case was tried before Dominguez. A necessary element of the definition of the crime was missing. The opinion of the district court should be approved.
KOGAN, Justice, dissenting.
In its analysis, the majority states:
[t]here is no suggestion that Delva was arguing that while he knew of the existence of the package he did not know what it contained. Hence, the issue which was raised in Dominguez ... was not involved in Delva's case. Because knowledge that the substance in the package was cocaine was not at issue as a defense, the failure to instruct the jury on that element of the crime could not be fundamental error and could only be preserved for appeal by a proper objection.
Majority op. at 645 (emphasis added). This is the pivotal part of the majority opinion, and it clearly confuses the term "defense" with the term "element of the crime."
The two are not the same. An element of the crime is one of the facts that the state must prove beyond a reasonable doubt. A defense is merely the rebuttal the defense is privileged to offer  if it so chooses  to negate whatever evidence the state has presented. The failure to mount a defense never concedes any element of the crime.
The majority's confusion of "defense" with an "element of the crime" thus is not simply a slip of the pen. The majority's statement, quoted above, clearly assumes that Delva was under some obligation to show that he did not know the substance found in the car was cocaine. Under the majority's rationale, the failure to present this "defense" concedes the fourth essential "element" of the crime of trafficking  knowledge that the substance was contraband. State v. Dominguez, 509 So.2d 917 (Fla. 1987).
Such an assumption directly violates the right of the defendant to remain silent, because it assumes guilt based on the exercise of that right. U.S. Const. amend. XIV.
It also offends basic concepts of due process. Overwhelmingly, the jurisdictions of the United States have held that a plea of not guilty constitutes a denial of the existence of every element of the crime charged. In Davis v. United States, 160 U.S. 469, 485-86, 16 S.Ct. 353, 357-58, 40 L.Ed. 499 (1895), for example, the United States Supreme Court noted that a plea of not guilty
controverts the existence of every fact essential to constitute the crime charged. Upon that plea the accused may stand, shielded by the presumption of his innocence, until it appears that he is guilty... .
Id. (emphasis added).
As the Fifth Circuit has noted, "[t]he plea of not guilty puts all in issue, even the most patent truths." Roe v. United States, 287 F.2d 435, 440 (5th Cir.), cert. denied, 368 U.S. 824, 82 S.Ct. 43, 7 L.Ed.2d 29 (1961). Accord Bryan v. United States, 373 F.2d 403, 407 (5th Cir.1967). Elsewhere, the Seventh Circuit has stated:
[A] plea of not guilty by an accused to an indictment or information charging a criminal violation places "in issue" all essential averments contained therein. Once the defendant has entered a plea of not guilty, everything material to a finding of his guilt is "in controversy." Thus, under our system of jurisprudence, *647 it is technically possible for a criminal defendant to enter a plea of not guilty, introduce little or no evidence in his own defense, and rely exclusively on his presumption of innocence and the possible inability of the prosecution to prove his guilt beyond a reasonable doubt.
United States v. England, 347 F.2d 425, 431 (7th Cir.1965) (emphasis added). Accord United States v. Walsh, 700 F.2d 846, 856 (2d Cir.), cert. denied, 464 U.S. 825, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983); United States v. Natale, 526 F.2d 1160 (2d Cir.1975), cert. denied, 425 U.S. 950, 96 S.Ct. 1724, 48 L.Ed.2d 193 (1976).
We ourselves have stated:
The plea of not guilty puts in issue every material element of the crime charged in the information, and before a jury is warranted in returning a general verdict of guilty against an accused every material element of the crime charged must be proved to their satisfaction beyond all reasonable doubt.
Licata v. State, 81 Fla. 649, 651, 88 So. 621, 622 (1921).
Thus, by pleading not guilty, Delva directly controverted the existence of the fourth element and was under no obligation to mount any defense whatsoever, contrary to the majority's erroneous assertion. As Justice Barkett noted in her concurrence to State v. Rolle, 560 So.2d 1154, 1158 (Fla.), cert. denied, ___ U.S. ___, 111 S.Ct. 181, 112 L.Ed.2d 144 (1990), "the state must produce evidence of all the essential elements of the crime charged and persuade the factfinder of the defendant's guilt beyond a reasonable doubt." Here, the state bore the burden of proving the fourth element. Davis, 160 U.S. at 485-86, 16 S.Ct. at 357-58; Bryan, 373 F.2d at 407; England, 347 F.2d at 431; Roe, 287 F.2d at 440; Licata, 81 Fla. at 651, 88 So. at 622. The jury should have been so instructed.
This conclusion is all the more serious in light of the Supreme Court's holding in Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). There, the court found reversible error where a state trial court effectively excused the prosecution's obligation to prove an essential element of the offense. This occurred when Montana created a "presumption" that the proof of certain elements of the offense automatically proved another element. Such a presumption, the Court held, could have convinced a jury that the element must be accepted as proven. Id. at 523, 99 S.Ct. at 2458-59. Or it could have improperly shifted the burden to the defense to disprove the existence of the last element. Id. at 524, 99 S.Ct. at 2459. As the Seventh Circuit later noted:
Clearly, if a Sandstrom-type instruction is invalid because it may be interpreted as describing either a conclusive or a burden-shifting presumption on an element of the offense, an instruction that completely omits an element of the offense must also be invalid.
Cole v. Young, 817 F.2d 412, 425 (7th Cir.1987). I thus conclude that the majority opinion has the precise same effect condemned in Sandstrom.
Indeed, I cannot reconcile the majority's assumptions with this Court's recent opinion in Wilhelm v. State, 568 So.2d 1 (Fla. 1990). Relying on Sandstrom, the Wilhelm Court confronted a statute that relieved the state of proving an essential element of the crime of DWI manslaughter by creating a "presumption" based on a blood-alcohol level of .10 percent or higher. Despite the fact that the defendant showed a level of .20, Justice Ehrlich's majority opinion found reversible error because the state had been relieved of proving an element of the offense. Id. at 3.
The remaining question is whether the failure to object now bars Delva from raising the issue on appeal. There is much federal law relevant to this subject  law based on the federal Constitution and thus directly applicable to the criminal justice system of this state.
For example, in Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945), the United States Supreme Court confronted the trial of a small-town sheriff and other law officers on charges that they violated federal criminal laws by falsely arresting, beating, and then killing a black man. There was evidence that the sheriff *648 had held a grudge against the black man and had threatened to "get" him. Id. at 93, 65 S.Ct. at 1031-32. Despite this strong evidence and the defense's failure to object, the Court reversed on grounds that the jury had received only part of the instruction on the intent element of the crime. Id. at 107, 65 S.Ct. at 1038. The Court stated:
[W]here the error is so fundamental as not to submit to the jury the essential ingredients of the only offense on which the conviction could rest, we think it necessary to take note of it on our own motion. Even those guilty of the most heinous offenses are entitled to a fair trial.
Id. Accord Clyatt v. United States, 197 U.S. 207, 25 S.Ct. 429, 49 L.Ed. 726 (1905).
In Henderson v. Kibbe, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977), the Supreme Court confronted a different twist of facts. There, the defendant was charged with second-degree murder. At trial, the court read the relevant statute, which included a statement that the defendant's conduct "thereby cause[d] the death of another person." Id. at 148, 97 S.Ct. at 1733. The judge did not explain the meaning of the term "cause," but did inform the jury that a person acts "recklessly" under the statute by consciously disregarding a "substantial and unjustifiable risk" that someone would be injured. Id. at 149, 97 S.Ct. at 1733-34. No one objected to this instruction, and counsel fully argued the causation issue to the jury. Id. at 148-49, 97 S.Ct. at 1733-34.
In rejecting a claim of fundamental error, the Supreme Court stressed two facts. First, the trial court expressly informed jurors that a causation element existed and that the state must prove it beyond a reasonable doubt. As the Court noted "no erroneous instruction was given"; the claim of error was based entirely on a failure to explain in more detail. Id. at 155, 97 S.Ct. at 1737. Second, there was no question that the state had proven the causation element beyond a reasonable doubt. Id. at 153-54, 97 S.Ct. at 1736-37. The Court then stressed the due-process rationale on which this issue rests:
The question ... is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," not merely whether "the instruction is undesirable, erroneous, or even `universally condemned.'"
Id. at 154, 97 S.Ct. at 1737 (citations omitted). Thus, the Court found a new trial was unnecessary.
The federal circuit courts have cast further light on the precise factors that make errors of this type fundamental.
In United States v. Bosch, 505 F.2d 78 (5th Cir.1974), the Fifth Circuit confronted a defendant charged with conspiracy to possess marijuana. Apparently believing the evidence of guilt overwhelming, defense counsel conceded that all the elements of the crime existed, even though a plea of not guilty had been entered. The trial court then declined to instruct on the essential elements of the crime, essentially directing a verdict of guilt. In finding fundamental error, the Fifth Circuit first discussed its own prior case law and then announced the following rule:
The thread of consistency that is woven through these decisions can only be seen from a collective view. When an after-the-fact review of the entire transcript discloses that only a single issue truly remained for the jury consideration and that no prejudice to the defendant's rights could have resulted from narrowing the jury's ambit to the one question posed, a plain error reversal of the court's curtailment of the jury's consideration is not required.
Id. at 82-83 (emphasis added). The Fifth Circuit expressly characterized this as a "harmless-error" rule but found the error in Bosch to be harmful. Id. Accord Merrill v. United States, 338 F.2d 763 (5th Cir.1964) (fundamental error when trial court refused to instruct on anything but insanity because counsel had conceded elements of crime).
In contrast, the Fifth Circuit later reached the opposite result in United States v. Herzog, 632 F.2d 469, 472 (5th *649 Cir.1980), in which the defendant was charged with providing false income-tax-withholding information to an employer. The defense had failed to object when the trial court omitted an instruction on a single element of the offense. That element was the fact that the defendant was an "employee." Noting that the evidence indisputably showed the defendant to be an "employee," the Herzog court rejected the defense's claim of plain error. Id. at 472. In other words, the error was unquestionably harmless and therefore was not fundamental.
The rule has been still further refined in other federal circuits, which also have resorted to a harmless-error analysis. In a case similar to the present one, the Sixth Circuit has found fundamental error. In United States v. Pope, 561 F.2d 663 (6th Cir.1977), the court confronted a case in which the defendant was arrested in an airport with 330.24 grams of heroin and 475 milliliters of methadone and later convicted of possession with intent to distribute. At trial, the court failed to instruct on the "intent to distribute" element, and the defense failed to object. Nevertheless, the Sixth Circuit found the error fundamental despite the large amount of drugs discovered on the defendant's person. Id. at 670-71.
Like the Fifth Circuit, however, the Sixth clearly has not regarded its rule as a per se rule of reversal. In the case of Krzeminski v. Perini, 614 F.2d 121 (6th Cir.), cert. denied, 449 U.S. 866, 101 S.Ct. 199, 66 L.Ed.2d 84 (1980), the state trial court had found the error harmless when the trial court forbade the jury to return a verdict of "not guilty." The reason was that, in open court and before the jury, the defendant had conceded the crime by giving a detailed confession to the murder with which he was charged. Id. at 125. Thus, the Krzeminski court concluded that "[o]nly an irrational jury could have acquitted the defendant outright." Id. The Sixth Circuit expressly applied the harmless-error rule announced by the United States Supreme Court in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), because of the weighty constitutional issues involved in cases of this type.
In Cole v. Young, 817 F.2d 412 (7th Cir.1987), the Seventh Circuit used much the same analysis. Also relying on Chapman, the Seventh Circuit found fundamental error where the state trial court failed to tell the jury that great bodily harm was an essential element of the crime of mayhem, id. at 427, and the defense had failed to object.[1]Id. at 414-15. The defendant had been convicted of this crime after an attack on a victim that resulted in two lost teeth, thirty stitches, unconsciousness for an hour, a stay in an intensive care unit for two and a half days, a total hospital stay of nine days, and continuing pain after release. Id. Recognizing that these injuries might constitute "great bodily harm," the Seventh Circuit nevertheless concluded that the state could not meet its burden of proving the error harmless beyond a reasonable doubt because the error "may have contributed to the verdict." Id.
It is highly instructive that the federal courts expressly have applied the harmless-error rule announced by the United States Supreme Court in Chapman. The Chapman harmless-error doctrine places the burden on the state to prove that the error was harmless beyond a reasonable doubt. Chapman, 386 U.S. at 24, 87 S.Ct. at 828. Florida has expressly adopted this same standard in its own harmless-error analysis, which also is applicable to errors of constitutional dimension. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986). In DiGuilio we stated:
The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. .. . The question is whether there is a reasonable possibility that the error affected the verdict. The burden to *650 show the error was harmless must remain on the state.
DiGuilio, 491 So.2d at 1139.
I find the above analysis consistent with the rationale applied by the Alaska Supreme Court in a case that also involved the "knowledge" element of a drug offense. In Thomas v. State, 522 P.2d 528, 531-32 (Alaska 1974), the defendants were charged with illegal sale of heroin. The trial court failed to instruct that an element of the crime was knowledge that the substance was heroin; and the defense failed to object. However, the facts were substantially different from those at hand. In Thomas, the defendants were arrested as a result of an undercover operation in which agents directly asked the defendants "to sell them heroin." Id. at 531. By complying, the defendants conceded the knowledge element. In other words, the uninstructed element clearly and unmistakably had been proven, just as in Herzog, and there thus was no possibility of prejudice.
Based on the case law outlined above, I can only conclude that the majority has erred in its holding. First, the majority has shifted the burden of proof to the defendant on an essential element of the offense, thereby violating due process, the fourteenth amendment, and Sandstrom. According to the plain language of the majority opinion, the shift in the burden of proof has occurred solely because the defendant remained silent as to his guilt or innocence on the fourth element of the offense.
Second, the majority opinion has completely overlooked the federal courts' analysis in failure-to-object cases. I cannot reconcile the majority opinion with cases such as Screws, Pope, and Cole.
On the uninstructed element, the evidence in Screws was far more substantial than that in the present case. See Screws, 325 U.S. at 93, 65 S.Ct. at 1031-32. In Screws, the sheriff had threatened to "get" the black man he later killed, yet the Court still reversed when the trial judge failed to give a full instruction on the intent element and the defense failed to object. Id. Similarly, Pope involved a drug offense in which the defendant was caught with an amount of drugs so large that a jury might reasonably have inferred an intent to distribute them; but the court still reversed, despite a failure to object, because of the trial judge's omission of an instruction on the "intent to distribute." Pope, 561 F.2d at 670-71.
And in Cole, the evidence clearly was sufficient to justify a conclusion that great bodily harm had been inflicted on the victim. Yet the Cole court reversed precisely because the jury had not been instructed on the element of "great bodily harm," even though the defense had failed to object. Cole, 817 F.2d at 427. The Cole court concluded that the failure to instruct could have affected the verdict.
If fundamental error was found in these cases, we have no choice but to reach the same conclusion based on the more equivocal facts of this case. As the majority itself concedes, the car in which Delva was apprehended routinely was shared with two other persons. One of those other persons had driven the car the day of the arrest and could have been the one who actually placed the cocaine under the car seat. Defense counsel noted that Delva's fingerprints were not on the package that contained the contraband. Even if Delva had seen the package, the evidence is entirely consistent with the conclusion that he did not know what was contained in it.[2] Nor *651 does the presence of an alleged "cocaine price list" in Delva's wallet resolve this issue. Possessing a list of prices itself is not a crime. Moreover, the evidence disclosed absolutely no link between the price list and the package found in the car.
Based on the federal precedent discussed above, I can only conclude that the state has failed to prove beyond a reasonable doubt that the error was harmless. In other words, there is a reasonable doubt that the failure to give the Dominguez instruction could have affected the verdict. As I read the federal cases, this error is fundamental and thus was not waived by the failure to object. There is a possibility that "prejudice to the defendant's rights could have resulted from narrowing the jury's ambit." Bosch, 505 F.2d at 83. Because the state thereby has been relieved of its burden of proof, the "ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Kibbe, 431 U.S. at 154, 97 S.Ct. at 1736-37. Accord Cole.
The present case unquestionably poses a far graver error than those cases in which other courts have found harmless-error or have rejected the claim on some other basis. In those cases, the facts showed that the uninstructed element indisputably existed or that an adequate instruction actually had been given.
In Kibbe, unlike here, the instruction was not incomplete at all; the only "error" was in the trial court not providing a more detailed explanation of its meaning. Kibbe, 431 U.S. at 155, 97 S.Ct. at 1737. In Herzog, the defendant plainly met the statutory requirement of being an "employee," about which the court had failed to instruct. Herzog, 632 F.2d at 472. In Krzeminski, the defendant had flatly told the jury that he was guilty of murder, so that the error was harmless when the court barred the jury from returning a "not guilty verdict." Krzeminski, 614 F.2d at 125. And in Thomas, the Alaska defendants had sold a substance they identified as "heroin" to undercover officers, so there was no possibility of prejudice in failing to instruct on the knowledge element. Thomas, 522 P.2d at 531-32.
Here, the facts simply do not show unequivocally that Delva knew cocaine was in the package, and there is no question that the instruction was incomplete.
Accordingly, I would affirm the district court and remand this case for a new trial consistent with the federal cases discussed above. While I acknowledge that these cases are not crystal clear on the exact analysis to be applied in cases of this type, their general thrust is sufficiently clear to require a new trial here. At least, that is the conclusion the supremacy clause compels until the United States Supreme Court revisits this issue and clarifies or overrules the cases discussed above. U.S. Const. art. VI.
I, too, would answer the certified question in the affirmative as qualified in this dissent. However, I do not agree with the qualifications expressed by the majority.
I respectfully dissent.
NOTES
[1] The Ohio Supreme Court cited the failure to object when it refused to overturn the verdict. Cole v. Young, 817 F.2d 412, 414-15 (7th Cir.1987).
[2] This fact distinguishes the present issue from cases such as Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983). In Williams, the following facts are recited:

Williams expressly concedes on appeal, as he implicitly admitted below, that whoever held up the Burger King fully intended to take its property, and thus that there was no jury issue that the state had met its burden of proof concerning the subject of the defect in the instruction.
Id. at 543 (emphasis added). I can find no such concession in the present record. The crucial point here is that a defendant who knows a container is present does not necessarily know what is in it. A reasonable jury could conclude that Delva had seen the container in the car but had no knowledge what was inside. Based on the incomplete jury instruction, jurors were told in essence that they could convict solely if Delva knew the container was present, even if he lacked any knowledge of its contents.