PARIENTE, Judge.
Defendant appeals his conviction for trafficking in cocaine. Because the jury instructions did not adequately instruct the jury on the essential element of defendant’s knowledge in accordance with State v. Dominguez, 509 So.2d 917 (Fla.1987), we reverse defendant’s conviction and remand for a new trial.
Defendant contested both possession and knowledge. Central to defendant’s defense was his assertion that the state did not prove beyond a reasonable doubt that he knew there was cocaine inside the bag, which itself was inside other bags. Defendant requested an instruction in accordance Dominguez and State v. Medlin, 273 So.2d 394 (Fla.1973), as follows:
The State must prove beyond and to the exclusion of every reasonable doubt that at the time of the transaction that the defendant knew the substance was cocaine.
The request was denied and no comparable instruction was given. Compare Rubiana v. State, 528 So.2d 1262 (Fla. 4th DCA), cause dismissed, 584 So.2d 401 (Fla.1988) (although the jury instruction did not mimic the exact wording of Dominguez, it, nevertheless, was sufficient to indicate that the state must prove defendant had knowledge of the specific controlled substance charged in the information). A defendant is entitled to have the jury instructed in accordance with his theory of defense. Bryant v. State, 412 So.2d 347, 350 (Fla.1982). Defendant’s knowledge of the nature of the substance was the primary contested element of the crime. The jury instructions given did not unequivocally inform the jury that the state must prove defendant’s knowledge of the specific controlled substance.
We do not agree that the 1987 amendment to section 893.135(2)[1] abrogates the necessity of a Dominguez instruction when requested and where the instruction is supported by the evidence. The statute ab *91 rogates Dominguez, if at all, only to the extent that a defendant may not defend a charge of trafficking in one of the enumerated controlled substances (e.g. cocaine) by claiming that he had intended to sell, purchase, manufacture, deliver, etc. a different enumerated controlled substance (e.g. heroin).
By requesting a specific instruction, defendant preserved any error in the trial court’s failure to give the requested instruction. Toole v. State, 479 So.2d 731 (Fla.1985). Further, even if the error was not properly preserved, the failure to give a Dominguez instruction is fundamental error. State v. Delva, 575 So.2d 643 (Fla.1991).
The state asserts that the trial court was not required to give the Dominguez instruction as it had properly instructed the jury that knowledge may be inferred from defendant’s exclusive possession of the cocaine in accordance with Gartrell v. State, 626 So.2d 1364 (Fla.1993). In Gartrell, the supreme court stated that knowledge of possession may be inferred from a defendant’s exclusive possession of a substance. Under Gartrell, the jury in this case could have inferred that defendant knowingly possessed the cocaine, if it had concluded that he had exclusive possession. However, exclusive possession was controverted. A Gartrell instruction did not obviate the need for a Dominguez instruction advising the jury that knowledge is an essential element of the crime where defendant has denied both exclusive possession and knowledge.
In light of the fact that the trial court’s instructions did not include a specific instruction concerning the necessity of defendant’s knowledge, we are compelled to reverse on this issue for a new trial.
REVERSED.
WARNER and STEVENSON, JJ., concur.

. Subsection 893.135(2), Florida Statutes (1993), provides:
*91 A person acts knowingly under subsection (1) if that person intends to sell, purchase, manufacture, deliver, or bring into this state, or to actually or constructively possess any of the controlled substances listed in subsection (1), regardless of which controlled substance listed in subsection (1) is in fact sold, purchased, manufactured, delivered, or brought into this state, or actually or constructively possessed.