PER CURIAM.
In response to a jury question posed during deliberations, the trial court provided a partial set of written instructions to the jury. Fla. R.Crim. P. 3.400(a) provides that upon deliberation in non-capital cases, the court may permit the jury to take any instructions given to the jury room; however, “if any instructions is [sic] taken all the instructions must be taken.” Fla. R. Crim P. 3.400(a)(3)e. We decline to consider this issue because Appellant did not object below and, therefore, failed to preserve this point for review on appeal. See Archibald v. State, 715 So.2d 1154 (Fla. 4th DCA 1998). Further, failure to provide the full set of instructions was not fundamental error. See State v. Delva, 575 So.2d 643 (Fla.1991).
*1092 We also affirm as to Appellant’s second issue, that he was improperly convicted of two counts of resisting arrest with violence where he struggled with and assaulted two police officers in resisting arrest. See Wallace v. State, 689 So.2d 1159 (Fla. 4th DCA), rev. granted, 699 So.2d 1377 (Fla. 1997). As in Wallace, we certify conflict with Pierce v. State, 681 So.2d 873 (Fla. 1st DCA 1996).
STONE, C.J., KLEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.