837 So.2d 559 (2003)
Dale Levetter OZELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-914.
District Court of Appeal of Florida, Third District.
February 12, 2003.
*560 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Charlie Crist, Attorney General, and Steven R. Berger, Assistant Attorney General, for appellee.
Before COPE and WELLS, JJ., and NESBITT, Senior Judge.
COPE, J.
Dale Levetter Ozell appeals his conviction for sale of cocaine within one-thousand feet of a school. Finding no fundamental error in the jury instruction, we affirm.
Miami-Dade County police officers conducted an undercover surveillance of an area where hand-to-hand drug sales were taking place near a school. During the afternoon, the surveillance officer (who was stationed in a van) saw Linda Mullins ride to the street corner on her bicycle. She spoke to the defendant, who went into an apartment building and returned. He handed her an object which she took in her right hand and she gave the defendant money.
Ms. Mullins rode away on her bicycle. The surveillance officer radioed a "take down" instruction to other officers, who intercepted Ms. Mullins. When Ms. Mullins saw the police officers, she threw down an object to the ground from her right hand. It proved to be a small ziplock baggie containing a single rock of cocaine. In order not to disclose the existence of the surveillance operation, the police officers elected not to arrest the defendant until a later date.
At trial, the witnesses were the three officers who performed the surveillance and arrested Ms. Mullins. The defense argued that the police officers were mistaken in their identification of the defendant. The defense also argued that there must be reasonable doubt in the case because the surveillance officer could not actually see what the object was which was handed to Ms. Mullins. The defense hypothesized that Ms. Mullins may have had the cocaine in her hand when she rode up to the defendant.
Prior to the closing arguments, the court distributed the written proposed jury instructions to the parties. They provided, in pertinent part:
Before you can find the defendant guilty of Sale or Delivery of Cocaine within 1000 feet of a School the State must prove the following three elements beyond a reasonable doubt:
1. The Defendant sold or delivered
2. a controlled substance, that is, cocaine.

*561 3. in, on, or within 1000 feet of the real property comprising a public or private elementary, middle, or secondary school.
The court allowed the parties time to review the proposed instructions. Neither side had an objection to the just-quoted instruction.
The defendant was convicted as charged. He has appealed.
The defendant begins with the assumption that in this case, the trial court used the standard jury instruction entitled "Contraband in Specified Locations F.S. 893.13(1)(c)(d) and (e)." Under that particular instruction, the instruction should have contained a fourth element: "4. (Defendant) had knowledge of the presence of the substance." West's Florida Criminal Laws and Rules 2001, at 1456-57.
It turns out, however, that in West's Florida Criminal Law and Rules 2001, there is a second standard jury instruction dealing with the same subject. It is entitled "Drug AbusePossession on or Near School F.S. 893.13(1)(e)." Id. at 1458-59. It appears probable that the latter instruction should have been deleted after the Florida Supreme Court adopted the first-cited instruction. Compare Standard Jury Instructions-Criminal Cases, 765 So.2d 692, 700-02 (Fla.2000) with In re: Standard Jury Instructions in Criminal Cases, 543 So.2d 1205, 1207-08 (Fla.1989). Under the latter jury instruction, "If the defense seeks to show a lack of knowledge as to the nature of a particular drug, an additional instruction may be required." West's Florida Criminal Law and Rules 2001 at 1459 (citation and emphasis omitted). In the present case there was no such request.[*]
The defendant argues that in this case the State was required to prove that the defendant handed Ms. Mullins cocaine, and knew that the substance was cocaine when he did it. He contends that it was fundamental error to fail to give an instruction that the defendant knew the substance was cocaine. Under the circumstances of this case, we do not agree.
The Florida Supreme Court considered a similar situation in State v. Delva, 575 So.2d 643 (Fla.1991). In that case, a package of cocaine was under the front seat of the car Delva was driving and he had a cocaine pricing list in his wallet. Id. at 645. The defense was that others had access to the car and that Delva himself did not know the package of cocaine was even in the car. Id.
The Florida Supreme Court rejected the argument that the omission of this part of the jury instructions constituted fundamental error:
There was no suggestion that Delva was arguing that while he knew of the existence of the package he did not know what it contained.... Because knowledge that the substance in the package was cocaine was not at issue as a defense, the failure to instruct the jury on that element of the crime could not be fundamental error and could only be preserved for appeal by a proper objection.
Id. The present case is very similar to, and controlled by, Delva.
*562 The defense argues that reversal is required under Blunt v. State, 831 So.2d 770 (Fla. 4th DCA 2002). We disagree and conclude that Davis v. State, 839 So.2d 734 (Fla. 4th DCA 2003), is on point.
Affirmed.
NOTES
[*] We urge the Florida Supreme Court Committee on Standard Jury Instructions in Criminal Cases to review the quoted jury instructions with a view to clarifying whether the instruction entitled "Drug AbusePossession on or Near School F.S. 893.13(1)(e)" should have been deleted at the time the new standard jury instruction was approved in 2000. 765 So.2d at 700. It may also be prudent to review the neighboring instructions so as to eliminate any others that may be obsolete or contain obsolete statutory references.