PER CURIAM.
The issue presented is whether the State’s introduction of and use in closing argument of testimony (such as law enforcement’s recognition of defendant’s nickname from a list of drug dealers and because'they had previously arrested him, as well'as a confidential informant’s statement-that he had bought drugs'from defendant in the past) without objection by defense counsel was sufficiently prejudicial *719 that it constitutes fundamental error. While we agree that it was prejudicial, and denounce its use, we conclude that the quantum of evidence of defendant’s guilt is such that the error, if any, did not “reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” See State v. Delva, 575 So.2d 643, 644-45 (Fla.1991) (explaining that the contemporaneous objection rule will not be imposed if, the error is fundamental).
AFFIRMED.
MAKAR and WINOKUR, JJ., concur.
WETHERELL, J., concurs in result.