788 So.2d 1026 (2001)
STATE of Florida, Appellant,
v.
Samuel C. WATSO, Appellee.
No. 2D00-2490.
District Court of Appeal of Florida, Second District.
March 14, 2001.
*1027 Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellee.
PARKER, Acting Chief Judge.
The State appeals the trial court's order dismissing the charge against Samuel C. Watso of providing false information during the attempted purchase of a firearm in violation of section 790.065(12), Florida Statutes (Supp.1998). The trial court dismissed the charge after finding that the Florida Department of Law Enforcement (FDLE) had failed to properly promulgate the form required by section 790.065(1)(a), Florida Statutes (Supp.1998), to be completed before a firearms dealer can sell a firearm to a potential buyer in Florida. We hold that the FDLE did properly promulgate the form at issue. However, we affirm the dismissal of the charge because the State may not constitutionally prosecute Watso based on his allegedly false answers to questions that the legislature did not authorize to be included on the FDLE form.
In the trial court, Watso argued that the charge against him should be dismissed because he did not complete a form promulgated by the FDLE, but rather completed a form promulgated by the United States Treasury Department, Bureau of Alcohol, Tobacco, and Firearms (ATF). He argued that the FDLE had exceeded the statutory authority delegated to it by the legislature when it delegated its authority to promulgate the form to the ATF. This argument has no merit.
Section 790.065(1)(a) states in part:
Sale and delivery of firearms.
(1) A licensed importer, licensed manufacturer, or licensed dealer may not sell or deliver from her or his inventory at her or his licensed premises any firearm to another person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, until she or he has:
(a) Obtained a completed form from the potential buyer or transferee, which form shall have been promulgated by the Department of Law Enforcement and provided by the licensed importer, licensed manufacturer, or licensed dealer, which shall include the name, date of birth, gender, race, and social security number or other identification number of such potential buyer or transferee and has inspected proper identification including an identification containing a photograph of the potential buyer or transferee.
(Emphasis added.) Rather than creating its own form to satisfy the requirements of section 790.065(1)(a), the FDLE chose to adopt a form already created by the ATF. In Florida Administrative Code Rule 11C-6.009, the FDLE specifically incorporated by reference and required completion of ATF form "ATF F-4473[5300.9] Part 1(4/97)" before the sale of a firearm could be completed. Fla. Admin. Code R. 11C-6.009(1). The rule states that completion of the ATF form "must comply with ... Section 790.065, F.S." Id. Rule 11C-6.009(2) requires the potential buyer to complete section A of the ATF form before the dealer calls the FDLE to initiate a criminal background check. The rule references section 790.065 in one other subsection and specifically lists section 790.065 as its statutory authority.
Watso's argument that the FDLE did not promulgate the form at issue is based on a misunderstanding of the word "promulgate." *1028 Watso apparently believes that the word "promulgate" means "create." However, Black's Law Dictionary defines the word "promulgate" as "to declare or announce publicly; to proclaim." Black's Law Dictionary 1231 (7th ed.1999). Similarly, Webster's Third New International Dictionary defines "promulgate" as "to make known by open declaration; to announce officially." Webster's Third New Int'l Dictionary 1816 (1986). Thus, contrary to Watso's assertions, the FDLE was not required to create its own form in order to promulgate the required form. Rather, it simply had to "declare or announce publicly" what form was to be used to carry out the statutory requirements. Here, the FDLE publicly announced in rule 11C-6.009 that it intended to adopt and use the ATF form to satisfy the requirements of section 790.065(1)(a). This action was sufficient to satisfy the statutory requirement that the FDLE promulgate a form. Therefore, the trial court erred in dismissing the charge against Watso on this basis.
Despite this, we affirm the dismissal of the charge against Watso because the State cannot constitutionally prosecute Watso pursuant to section 790.065(12) under the facts of this case. The charge against Watso was based on his allegedly false answer to a question on the ATF form concerning whether he had ever been convicted of a felony. Watso argued that he could not be prosecuted for a false answer to this question because the legislature did not include this question in section 790.065(1)(a) and therefore did not make a false answer to that question a crime under section 790.065(12). We agree.
Section 790.065(1)(a) specifically lists the information that the potential buyer must provide to the dealer on the ATF form. This list includes only the potential buyer's name, date of birth, gender, race, and social security number. § 790.065(1)(a), Fla. Stat. (Supp.1998). Section 790.065(12) makes it a third-degree felony for the potential buyer to provide false information to the dealer: "Any potential buyer or transferee who willfully and knowingly provides false information or false or fraudulent identification commits a felony of the third degree punishable as provided in s. 775.082 or s. 775.083." § 790.065(12)(a), Fla. Stat. (Supp.1998). Nothing in section 790.065 requires the potential buyer to disclose his or her criminal background. Rather, the statutory scheme contemplates that the buyer will provide identifying information to the dealer, and the dealer will then request a criminal background check from the FDLE based on that information. In order to ensure that the criminal background check is not thwarted, section 790.065(12) makes it a crime for the potential buyer to provide false identifying information.
Despite the plain language of the statute, the ATF form adopted by the FDLE asks a series of questions about the potential buyer's background in addition to the identifying information authorized by the statute. These additional questions include, among other things, whether the potential buyer is "an unlawful user of, or addicted to, marijuana, or any depressant, stimulant, or narcotic drug"; whether the potential buyer has ever been committed to a mental institution; whether the potential buyer has been dishonorably discharged from the Armed Forces; and whether the potential buyer is a citizen of the United States. None of this information is required by or authorized by section 790.065(1)(a). Any prosecution of a potential buyer based on allegedly false answers to these additional questions is unconstitutional for two reasons.
*1029 First, any such prosecution violates the separation of powers doctrine. "[T]he power to create crimes and punishments in derogation of the common law inheres solely in the democratic processes of the legislative branch." Perkins v. State, 576 So.2d 1310, 1312 (Fla.1991). See also B.H. v. State, 645 So.2d 987, 992 (Fla.1994). Because Florida does not recognize common law felonies, no felony can exist under Florida law unless it is created by a valid statute properly approved by the legislature. B.H., 645 So.2d at 992. Any attempt to delegate the authority to define a crime is unconstitutional as a violation of the separation of powers doctrine as is any attempt by another branch to usurp the legislature's authority to define a crime. Id.See also Chiles v. Children A, B, C, D, E, & F, 589 So.2d 260, 264 (Fla. 1991).
In section 790.065(12), the legislature made it a crime to provide false identifying information when attempting to purchase a firearm. The legislature did not require the potential buyer to provide any other information and therefore did not make false answers to any other question a crime. However, by including additional questions on the form used to comply with section 790.065(1)(a), the FDLE has, in effect, attempted to expand the scope of criminal conduct under section 790.065(12) by making it a third-degree felony to provide false answers to these additional questions. This is an unconstitutional usurpation of the legislature's function. While the FDLE may choose to ask additional questions on its form, the FDLE has no authority to make false answers to these additional questions a crime. Thus, the State may not prosecute an individual based on his or her allegedly false answers to these additional questions because the legislature did not make it a crime to provide false answers to those questions, and the FDLE has no authority to expand the scope of the crime.
Second, any prosecution for allegedly false answers to these additional questions violates the due process clause of the Florida Constitution. The due process clause requires that a criminal statute say exactly what is prohibited. Perkins, 576 So.2d at 1312. "A penal statute must be written in language sufficiently definite, when measured by common understanding and practice, to apprise ordinary persons of common intelligence of what conduct will render them liable to be prosecuted for its violation." Id. (quoting Gluesenkamp v. State, 391 So.2d 192, 198 (Fla. 1980)). In order to uphold due process rights, penal statutes must be strictly construed according to their plain language. Perkins, 576 So.2d at 1312.
Here, section 790.065(1)(a) specifically lists the information to be obtained from the potential buyer. This list is limited to the potential buyer's name, date of birth, gender, race, and social security number. The statute puts the potential buyer on notice that he or she must provide truthful identifying information. The potential buyer is also on notice that the dealer will be requesting a criminal background check before the sale will be completed. However, nothing in the statute puts the potential buyer on notice that he or she will be asked questions about his or her use of marijuana, his or her psychological background, or the circumstances surrounding his or her discharge from the armed forces. Moreover, nothing in the statute puts the potential buyer on notice that he or she will be asked to independently corroborate the criminal background check to be done by the FDLE. Because the potential buyer is not advised by the statute that answers to the FDLE's additional questions could subject him or her to criminal prosecution, any prosecution under *1030 section 790.065(12) for providing false answers to these additional questions constitutes a due process violation.
The State contends that Watso waived these constitutional arguments by not raising them in the trial court. However, few errors are more fundamental than prosecuting a defendant for a crime which is not legislatively authorized. See Maddox v. State, 760 So.2d 89, 96 (Fla. 2000) (noting that fundamental error is "error which reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error") (quoting State v. Delva, 575 So.2d 643, 644-45 (Fla.1991)). While it would have been better for Watso to have made these arguments to the trial court, his failure to do so does not bar this court from reviewing this issue.
Had Watso provided false information concerning his "name, date of birth, gender, race, and social security number," the State could have validly prosecuted him under section 790.065(12). However, Watso's allegedly false answer to a question not authorized by the legislature cannot constitutionally form the basis of a felony prosecution.[1] Therefore, the trial court's order dismissing the charge against Watso is affirmed.
Affirmed.
ALTENBERND and GREEN, JJ., concur.
NOTES
[1] We express no opinion as to whether Watso's allegedly false answers could form the basis of a prosecution under federal law.