PER CURIAM.
Robert Eugene Randall appeals his conviction for a violation of section 790.065(12), Florida Statutes (1999),[1] by providing a false answer on a firearm *918 transaction form promulgated by the Florida Department of Law Enforcement. We reverse.
The circumstances of this case are the following: Whenever Mr. Randall needed some extra cash he pawned a rifle he owned, paying a monthly fee to cover the interest that accrued so the pawnshop would not sell his rifle before he could redeem it himself. On the most recent occasion when he returned to the pawnshop to redeem the rifle, he was required to complete the form for firearm transactions promulgated by the Florida Department of Law Enforcement pursuant to section 790.065, even though he was redeeming his own property. The pawnshop clerk explained to him that the form was required due to a new law. He completed the form and answered untruthfully that he had not previously been convicted of a domestic violence battery. During the background check that the sheriffs office performs on all persons who complete these forms, Mr. Randall’s name was listed as one who was not approved to purchase a firearm. As a result, Mr. Randall was arrested, tried, and found guilty of providing false firearm transaction information contrary to the statute. He received a sentence of sixty days’ probation.
Mr. Randall raises three issues for our consideration: first, that as the owner of the gun at all pertinent times, he was not a “potential buyer or transferee” of the firearm and, thus, did not fall under the statute’s proscription; second, that he could not be constitutionally prosecuted based on allegedly false answers to this “prior crime” question on the form; and, third, that he was denied a fair trial when the prosecutor questioned him about a previous incarceration when he had stipulated to the prior conviction that resulted in that incarceration to avoid discussion of it in front of the jury. Although the first and third issues present interesting legal questions, we need not reach either because the second issue is dispositive.
This court has previously answered the dispositive issue in State v. Watso, 788 So.2d 1026 (Fla. 2d DCA 2001), and concluded that the statutory scheme did not require a potential buyer to disclose his or her criminal background on this form. Because the legislature did not require that this information be furnished when it authorized the FDLE to promulgate the form, a prosecution based on an allegedly false answer to this unauthorized question is unconstitutional.
Because Mr. Randall’s prosecution is constitutionally forbidden by Watso, we reverse the conviction and remand with instructions to discharge Mr. Randall.
Reversed and remanded with instructions.
FULMER, A.C.J., and GREEN and CASANUEVA, JJ„ Concur.

. Section 790.065(12), Florida Statutes (1999), provides: “Any potential buyer or transferee who willfully and knowingly provides false information or false or fraudulent identification commits a felony of the third degree punishable as provided in s. 775.082 or s. 775.083.”